**People of the State of Illinois, Plaintiff-Appellee, v. James E. Juve, Defendant-Appellant.**

Gen. No. 68–92.

Second District.

February 28, 1969.

John T. Beynon, Public Defender, of Rockford, and John McNamara, Assistant Public Defender, for appellant.

William R. Nash, State's Attorney of Winnebago County, of Rockford, and Keith S. Morse, Assistant State's Attorney, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

The defendant, James E. Juve, was charged with having committed a theft in violation of section 16.1 of the Criminal Code (Ill Rev Stats 1967, c 38, par 16–1). A jury found him guilty of the charge and the court entered a judgment of conviction upon the verdict. Thereafter, his request for probation was denied and the court sentenced him to a term of not less than two nor more than seven years in the State Penitentiary.

On appeal, the defendant contends that the trial court erred: (1) In not granting his motion to dismiss, or to amend, the information; (2) in admitting into evidence his conversation with the police officers at the time he was apprehended; (3) in refusing to admit certain other testimony; (4) in the giving of certain instructions requested by the People; (5) in imposing a sentence of two to seven years. He also contends that the People failed to prove, beyond a reasonable doubt, that he was guilty of the offense charged.

The factual background of the offense is uncomplicated. On September 22, 1967, between 9:30 a. m., and 10:00 a. m., Mrs. Bruce Ream parked a 1963 Chevrolet, owned by her husband, in a shopping center parking lot in front of a Jewel Tea supermarket. She left her keys in the ignition, went into the store, and when she returned— about five minutes later—the car was missing. She immediately called her husband and the police. Within minutes after the call, police officers, Francis and Nelson, received a radio message describing the missing car, and observed it stopped at a traffic signal in downtown Rockford, approximately thirty-five blocks from the location

423

where Mrs. Ream had parked it. The police stopped the car and an officer then and there asked on-the-scene questions of the driver (the defendant) and after the questions were answered, the defendant was arrested.

The defendant waived a grand jury, and the information charged the following:

> "The State's Attorney of said County (Winnebago) charges: That on the 22nd day of September, 1967, in the County of Winnebago and State of Illinois, JAMES E. JUVE committed the offense of Theft, in that he knowingly obtained unauthorized control over a certain 1963 Chevrolet automobile, having a value exceeding One Hundred Fifty Dollars ($150.-00), the property of Bruce Ream, JAMES E. JUVE *thereby* intending to deprive Bruce Ream permanently of the use or benefit of said property, in violation of Paragraph 16–1, Chapter 38, Illinois Revised Statutes." (Emphasis ours.)

Section 16–1 of the Criminal Code provides that a person commits a theft when he obtains unauthorized control over the property of an owner, "and" intends to deprive the owner permanently of the use or benefit of the property. The defendant contends that the use of the word "thereby" in the information, rather than the word "and" as used in the statute, was prejudicial to him in that it suggested to the jury that when he obtained unauthorized control over the car, he automatically then had the intent to deprive the owner permanently of its use.

We agree with the defendant that the wording used in the information was not correct and that the information should have used the word "and" in lieu of the word "thereby." The impropriety was not, however, sufficiently prejudicial to the defendant to warrant reversal. It was made abundantly clear to the jury at all times throughout the trial that there were two elements nec-

424

essary to the establishment of the offense. In the opening statement, counsel for the defendant clearly and explicitly so advised the jury and stated that, at the close of the case, the court would instruct them that the information states that the defendant "must one, knowingly obtain unauthorized control over a certain automobile; and that two, he must intend to deprive the owner permanently of the use or benefit of that car." The instructions given by the court did clearly advise the jury of the two elements required for a finding of guilt.

■■ An information need not be in the precise terms of the statute defining the offense. People v. Patrick, 75 Ill App2d 93, 97, 220 NE2d 243 (1966). Also see: People v. Hill, 68 Ill App2d 369, 375, 376, 216 NE2d 212 (1966). The defendant was adequately informed of the nature and elements of the charge made against him. All parties were, at all times, agreed as to the elements of the charge. In view of the admonitions to the jury, no substantial rights of the defendant were affected and the technical irregularity does not warrant our reversal. People v. Shook, 67 Ill App2d 492, 497, 214 NE2d 546 (1966); 15 ILP, Criminal Law, § 924.

One of the arresting police officers testified that when he stopped the defendant, the following conversation took place: "I asked Mr. Juve where he got the car and he says, you know where I got the car, he says you fellows are making a big deal out of this." The defendant now contends that this statement should not have been admitted into evidence because the prosecution did not give notice of it. Chapter 38, par 114–10, Ill Rev Stats 1967, provides that the prosecution must, on motion of the defendant, furnish him with a copy of any written confession or information relative to any oral confession. While the defendant concedes that the statement made in the conversation did not constitute a confession, he contends that the foregoing statute is no longer valid in view of Miranda v. Arizona, 384 US 436 (1966); that

the effect of Miranda is to require the State to furnish him with a copy of any type of written statement or of notice of intent to prove up any type of oral statement made by him; and that in the absence of such notice, an oral statement by him may not be admitted into evidence.

■■ We do not believe that Miranda can be given the scope that the defendant seeks. Miranda is intended to guard against the abuses possible in custodial interrogation. The court clearly indicated that it did not intend to hamper the traditional function of police officers in investigating crimes and that general on-the-scene questioning as to facts surrounding a crime or other general questioning in the fact-finding process was not to be affected by the decision. Miranda v. Arizona, supra, 477, 478. In summarizing, the court, on page 478 stated that the time at which the procedural safeguards it was discussing came into question was "when an individual is taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning, . . . ." Also see: In re Orr, 38 Ill2d 417, 423, 424, 231 NE2d 424 (1967); 10 ALR3d 1054, 1059, 1060. We find no error in the trial court refusing to strike the testimony of the police officer in this regard.

■■ The defendant also contends that the trial court erred in refusing to permit him to testify regarding the location of certain of his personal belongings, allegedly of considerable value. His contention is that this evidence would have shown that these belongings were located in Rockford, and such evidence would have tended to indicate that he had no intention of leaving Rockford with the car, and, thus, had no intent to "permanently deprive" the owner of its use or possession. The defendant could, of course, have the requisite intent to constitute a violation of the statute without any design to leave this city. He did testify that his personal possessions were in a local hotel and that he later had some person bring them

to him at the jail. It seems apparent that he could, at some later time on the day in question, have placed all of these possessions in the car. Consequently, we cannot agree that this testimony was vital to negate any impression that the defendant had no reason to stay in Rockford. We are of the opinion that the trial court correctly rejected this evidence.

The defendant contends that two of the instructions given by the court were erroneous. One instruction contains the language of the information. The other instruction stated as follows:

> "The Court instructs the jury in view of the fact that intent involved is a mental state known only to the actor, the intention of a person committing an act may be inferred from all the evidence in the case surrounding the commission of such act. Intent may be proven by the act done, and a sane man is presumed to intend the natural and probable consequences of an act intentionally done, unless some other intention is proven or appears from all the evidence in the case."

██ The defendant contends that the net result of these two instructions was that evidence of the taking of the car, itself, established the intent to deprive the owner permanently of its use—the second requisite to a conviction for theft. However, three of the defendant's given instructions—Instructions Nos. 5, 6 and 7—relate specifically to intent, and the meaning of "permanently deprived." Instructions are to be considered as a whole, and not singly. Where the series of instructions, considered together, correctly state the applicable law, a party may not single out one, which standing alone, might itself be inaccurate. People v. Epping, 17 Ill2d 557, 567, 162 NE2d 366 (1959); People v. Simmons, 407 Ill 417, 421, 95 NE2d 477 (1950).

■ The contention of the defendant is like that made in People v. Kimler, 324 Ill 445, 155 NE 299 (1927). At page 449, the court noted that the two instructions complained of were defective in that neither instruction contained any statement that intent to damage and defraud was a necessary element of the crime charged. The court pointed out, however, that other instructions specifically referred to the requisite intent, and concluded that the instructions, considered as a series, substantially presented the law of the case fairly to the jury, and that the defect charged with reference to the instructions, therefore, did not constitute reversible error.

■ There was ample evidence for the jury to find the defendant guilty beyond a reasonable doubt, of the offense charged. Under the evidence, a reviewing court would be unwarranted in finding that the State failed to prove the defendant guilty beyond a reasonable doubt.

■■ The defendant also contends that the sentence imposed is excessive and asks that it be reduced by this court. This court is given the power to reduce a sentence by virtue of Supreme Court Rule 615(b)(4). (Ill Rev Stats 1967, c 110A, par 615(b)(4).) When a sentence is imposed within the limits prescribed by statute, the sentence will not be disturbed upon a review unless it clearly appears that the penalty constitutes a great departure from the fundamental law and its spirit and purpose, or that it is manifestly in excess of the proscription of section 11 of article II of the Illinois Constitution requiring that all penalties be proportioned to the nature of the offense. People v. Smith, 14 Ill2d 95, 97, 150 NE2d 815 (1958). The imposition of sentence is peculiarly within the discretion of the trial court and should not be interfered with unless clearly abused. People v. Nordstrom, 73 Ill App2d 168, 183, 219 NE2d 151 (1966).

The record indicates that the defendant had pleaded nolo contendere in the State of Colorado, to a charge of

theft of a rifle and riding saddle; and that he had been charged with criminal trespass to an auto, in Rockford. It is apparent that his difficulties stem from the overuse of alcoholic beverages; and that at the time of the incident in question, he was, at least, partially intoxicated. While he has been gainfully employed during the greater portion of his adult life, his tendencies toward violation of, and disrespect for, the law have increased. It appears to us, from the background of the defendant, and the nature of his offenses, that a proper balance between his liberty and the existence of an organized society, which maintains public order, would sustain the propriety of the sentence imposed by the trial court.

In People v. Miller, 33 Ill2d 439, 211 NE2d 708 (1965), at pages 444 and 445, the court stated:

> "Defendant finally claims that his sentence was excessive. Where it is contended that the sentence imposed in a particular case is excessive, though within the limits prescribed by the legislature, we will not disturb the sentence unless it clearly appears that the penalty constitutes a substantial departure from the fundamental law and its spirit and purpose, or that it is not proportioned to the nature of the offense. (People v. Smith, 14 Ill2d 95.)"

 Upon a review of the record, we cannot say that the trial court abused its discretion in imposing the sentence in question.

Accordingly, the conviction and sentence of the defendant is affirmed.

Judgment affirmed.

ABRAHAMSON, P. J. and SEIDENFELD, J., concur.