People of the State of Illinois, Plaintiff-Appellee, v. Emanuel Stasin, Defendant-Appellant.

Gen. No. 68–138.

Second District.

September 26, 1969.

Kevin P. Connelly, of Wheaton, for appellant.

William V. Hopf, State's Attorney of Du Page County, of Wheaton, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

An indictment was returned against the defendant, Emanuel Stasin, and against Frank Lawler, a codefendant, for the burglary of Addison Guido's, Inc., located at 607 Army Trail Road, Addison, Du Page County, in violation of section 19-1(a) of the Criminal Code (Ill Rev Stats 1967, c 38, par 19-1(a)). Stasin entered a plea of not guilty to the charge, waived jury trial, subsequently withdrew the plea of not guilty, and entered a plea of guilty.

Before accepting the plea, the court advised Stasin of the nature of the charge against him and of the consequences of the plea. In the course of the admonishment, Stasin told the court that he was guilty of the burglary charge against him; that he entered Addison Guido's, Inc., with intent to therein commit a theft; and that he made the guilty plea, freely, voluntarily and understandingly, with no promises of leniency and without any threats against him.

The hearing in aggravation and mitigation of the offense revealed that the defendant had the following criminal record:

February 11, 1954—Convicted on two counts for burglary—five years probation;

February 7, 1956—Ex parte judgment involving narcotics arrest—fine $190.00 and $10.00 costs;

June 12, 1956—Convicted on two counts for burglary—sentenced one to three years in the penitentiary;

February 3, 1960—Convicted of attempted burglary, burglary, con-game (three counts)—burglary—five to ten years; con-game—four to five years; concurrent sentences;

In 1965, the defendant was arrested as a parole violator and returned to the penitentiary; and

Since 1967, he has had one traffic arrest resulting in a sentence of thirty days in the County Jail.

The evidence also indicated that the defendant, age 33, was a drug addict, and that his difficulties with the law stemmed from his addiction. After the hearing, the court sentenced the defendant to the penitentiary for a minimum of eight and a maximum of fifteen years.

The defendant was represented at the trial by counsel of his choice, who also represented Frank Lawler, a codefendant. Lawler entered a plea of not guilty and was tried after the defendant entered the plea of guilty. The record does not indicate that the defendant testified at Lawler's trial.

The court appointed the Public Defender as counsel for the defendant on appeal. He has filed a petition for leave to withdraw as appellate counsel, and pursuant to Anders v. California, 386 US 738, 18 L Ed 493, 87 S Ct 1396 (1967), has filed a brief in support of his petition, wherein he alleged that the appeal was wholly frivolous and without any contentions that might arguably support the appeal. Proof of service indicates that a copy of the peti-

tion and brief was mailed to the warden of Joliet Penitentiary and to the defendant, on May 13, 1969.

On June 13, 1969, the court, on its own motion, caused its clerk to direct a letter to the defendant whereby he was further notified that the Public Defender had moved to withdraw as his appointed counsel, and that the petition for leave to withdraw contained the conclusions of the Public Defender: that the defendant was not denied proper assistance of counsel at the trial; that the sentence imposed on him was not excessive; and that the alleged trial errors were frivolous. The letter also notified the defendant of the Proof of Notice which was attached to the petition; and that the court, on its own motion, had continued the matter until July 14, 1969, in order to allow him to file any additional matters which he believed to be meritorious on his behalf, or to assert any other reasons why the petition should not be allowed, or why the court, after review of the record, should not affirm the judgment of the trial court.

The defendant did not file any pleading in response to the notice of the Public Defender or the court, and sought no extension of time within which to do so.

The brief and argument of the Public Defender state that only illusory issues are presented in the appeal in the case at bar; that, as in any criminal review, the sentence imposed is subject to limited review; and that the defendant was not denied proper assistance of counsel.

In the case at bar, privately retained counsel represented both the defendant and his codefendant. Prior to the trial of the codefendant, the defendant pled guilty and the matter was continued for hearing in aggravation and mitigation. On June 4, 1969, the same date that had been set for hearing in aggravation and mitigation and for sentencing, the defendant was under subpoena to testify for the People against his codefendant. However, he did

not respond to the subpoena, and a capias was issued for his arrest. On July 2, the matter came up for hearing on the return of the capias. At that time the court was notified that the defendant had been lodged in the Cook County Jail, but was presently before the court. An immediate hearing in aggravation and mitigation of the offense was held and the defendant was sentenced. The court was apprised that the Cook County deputy sheriffs had "orders to remand the defendant back to Cook County."

■ It seems clear that the defendant, Emanuel Stasin, did not testify against his codefendant, and that he was not denied proper assistance of counsel. This case is distinguished from People v. Ware, 39 Ill2d 66, 233 NE2d 421 (1968). There appointed counsel represented the codefendants, one of whom pled guilty and took the witness stand to testify against his codefendants prior to the time he was sentenced. The court held that this procedure placed defense counsel in a conflicting position with reference to the duty owed to his client, and that because of this, the defendant was denied proper assistance of counsel.

■ In view of the defendant's past criminal record, the absence of strong family ties, employment opportunities and other beneficial rehabilitating factors, we would not be warranted in reducing the sentence imposed against him. People v. Miller, 33 Ill2d 439, 444, 445, 211 NE2d 708 (1965); People v. Smith, 14 Ill2d 95, 97, 150 NE2d 815 (1958); People v. Juve, 106 Ill App2d 421, 428, 429, 245 NE2d 293 (1969); People v. McAndrew, 96 Ill App2d 441, 452, 453, 239 NE2d 314 (1968).

■ We have fully examined all of the proceedings, as required by Anders v. California, supra, and conclude that the appeal lacks merit, and if pursued further, would be frivolous. The Public Defender is, therefore, given

leave to withdraw as the defendant's counsel and the judgment of the trial court is affirmed.

Judgment affirmed.

MORAN, P. J. and SEIDENFELD, J., concur.