**People of the State of Illinois, Plaintiff-Appellee, v. Francis Harold Cecil, Defendant-Appellant.**

**Gen. No. 70–72.**

Second District.
August 14, 1970.

William J. Sturgeon, Public Defender, of Dixon, for appellant.

Albert N. Kennedy, State's Attorney of Lee County, of Dixon, for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

The defendant, Francis Harold Cecil, entered a plea of guilty in the Circuit Court of Lee County, to five separate charges of burglary, as set forth in five separate informations which were filed in that court on December 31, 1969, and January 5, 1970. Three charges involved the burglary of Mr. Kurtis Beauty Salon on November 20 and 21, and on December 28, 1969. The other charges pertained to the burglary of the Modern Shoe Shop and the Yeager Shoe Shop on or about December 23, 1969. All of said businesses which were burglarized were located in Dixon, Illinois.

The defendant had counsel appointed on his behalf. He understandingly waived the right to be prosecuted under an indictment and consented to prosecution by information and, after being fully advised as to his right to trial by jury, he knowingly and understandingly waived this right. After full admonishment, he knowingly and understandingly entered a plea of guilty to the five charges of burglary, and the court accepted the plea. Counsel for the defendant made an oral motion for probation for the defendant in each of the five burglary proceedings, and stipulated with the State's Attorney that the hearing on the application for probation and the hearing on aggravation and mitigation be held at the same time.

At the hearing on the application for probation and on aggravation and mitigation, the persons who operated the businesses which had been burglarized testified for the People, and the defendant and his mother testified on his behalf. The evidence indicated that windows were broken in connection with gaining entrance into the beauty salon and the respective shoe shops. In connection with the first two respective burglaries of the beauty salon, cash in the sum of $89 and $15 was taken, and in the last burglary thereof, no cash was found.

The burglary of the Modern Shoe Shop yielded $157.50 and that of the Yeager Shoe Shop yielded $3 or $4 in change.

The Clerk of the Circuit Court testified that his records revealed that the defendant was charged with battery in a complaint filed on December 9, 1968, wherein he was found guilty and sentenced to ten days in the Lee County jail; that a complaint charging the defendant with battery was filed on February 4, 1969, wherein he was found guilty and sentenced to ninety days in the State Penal Farm at Vandalia; that a complaint filed on July 7, 1969, charged the defendant with disorderly conduct, wherein he was found guilty, fined $50 and costs, and remanded to the County jail for failure to pay the fine; that a complaint was filed on September 2, 1969, charging the defendant with criminal damage to property wherein he entered a plea of guilty and was sentenced to eight days in the Lee County jail; and that a complaint charging the defendant with disorderly conduct was filed on December 11, 1969, wherein he was found guilty, was fined $25 and costs, and was remanded to the Lee County jail for failure to pay the fine.

The testimony of the defendant and his mother indicated that the defendant was twenty years of age and was single; that he could not get along with his father; that he left home in the summer of 1969; that his work record was poor; and that he had been drinking when he committed the foregoing offenses.

The court denied the application for probation and sentenced the defendant to the Illinois Department of Correction for a minimum term of not less than five and a maximum term of not more than eight years on each of the burglary charges, said sentences to run concurrently in each case.

The Public Defender of Lee County represented the defendant in the trial court and on this appeal. He has filed a motion for leave to withdraw as appellate coun-

sel, and pursuant to Anders v. California, 386 US 738, 18 L Ed2d 493, 87 S Ct 1396 (1967) has filed a brief in support of his motion, wherein he alleged that the appeal was without any legal points which might arguably support the review of the judgment on its merits, and that the only possible error that might be urged is that the trial court abused its discretion in imposing an excessive sentence. Proof of service indicates that a · copy of the motion and brief was mailed to the defendant at the penitentiary at Joliet on April 29, 1970.

On May 8, 1970, the court, on its own motion, caused the clerk to direct a letter to the defendant whereby he was further notified that the Public Defender had moved to withdraw as his appointed counsel, pursuant to a copy of such motion which was mailed to him by the Public Defender on April 29, 1970; and that the court, on its own motion, had continued the matter until June 15, 1970, in order to allow the defendant sufficient time to file any additional matters which he believed to be meritorious on his behalf, or to assert any other reasons why the motion should not be allowed, or why the court after review of the record, should not affirm the judgment of the trial court.

The defendant did not file any pleadings in response to the notice of the Public Defender or of the court, and sought no extension of time within which to do so. However, the defendant did write the court wherein he related that he more or less got into an argument with the trial judge at the hearing on aggravation and mitigation, and that this may have affected his sentence.

■ In view of the number of burglaries of which the defendant stands convicted—five burglaries within a period of approximately thirty days—and in view of his past criminal record, his poor work record, the absence of strong family ties, his characteristics, attitude and the paucity of other beneficial rehabilitating factors, we would not be warranted in reducing the sentence im-

posed upon him by the trial court. The People v. Miller, 33 Ill2d 439, 444, 445, 211 NE2d 708 (1965) ; The People v. Smith, 14 Ill2d 95, 97, 150 NE2d 815 (1958) ; People v. Stasin, 113 Ill App2d 466, 251 NE2d 307 (1969) ; People v. Juve, 106 Ill App2d 421, 428, 429, 245 NE2d 293 (1969).

We have fully examined all the proceedings as required by Anders v. California, supra, and conclude that the appeal lacks merit, and if pursued further, would be frivolous. The Public Defender is, therefore, given leave to withdraw as the defendant's counsel and the judgment of the trial court is affirmed.

Judgment affirmed.

MORAN and SEIDENFELD, JJ., concur.