THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EMANUEL STASIN, Defendant-Appellant.

(No. 72-68; ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

Second District—November 27, 1972.

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

536

Ralph Ruebner, of Defender Project, of Elgin, for appellant.

William V. Hopf, State's Attorney, of Wheaton, for the People.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

This is an appeal from an order denying defendant's post-conviction petition filed August 7, 1970, later amended, raising (1) the disparity of sentences between those imposed on him and his co-defendant, and (2) the denial of due process resulting from the motion for withdrawal filed by his then counsel (the public defender) on direct appeal in *People v. Stasin* (1969), 113 Ill.App.2d 466. The relevant facts being fully set forth in that opinion, they need not be restated here.

On this appeal the trial court appointed the Illinois Defender Project, Elgin, Illinois, as defendant's counsel. The District Defender has filed a motion for leave to withdraw for the reason that the appeal is entirely without merit. Defendant received notice of the motion and has filed no pleading and no request for an extension of time in which to do so.

■■ One of the defendant's contentions in the direct appeal was that the sentence imposed on him was excessive. That contention was fully considered. After reviewing the record in that case we said:

"In view of the defendant's past criminal record, the absence of strong family ties, employment opportunities and other beneficial rehabilitating factors, we would not be warranted in reducing the sentence imposed against him. [Citations.]" *People v. Stasin, supra,* at 470.

The judgment of this court in that case is *res judicata* as to all issues actually raised, and those that could have been raised but were not are deemed waived. This rule has been enunciated many times by the Illinois Supreme Court. (*People v. French,* 46 Ill.2d 104, 107; *People v. Derengowski,* 44 Ill.2d 476, 479; *People v. Kamsler,* 40 Ill.2d 532, 533.) The defendant could have raised the issue of disparity of sentences in his direct appeal but did not expressly do so, and that issue must therefore

be deemed to have been waived. In any case, from a re-examination of the record here we find no basis for reducing the sentence.

■■ His second contention, the denial of due process by reason of his counsel's motion to withdraw on direct appeal, has no merit. The fact that we granted counsel's motion to withdraw in that appeal is tantamount to a determination by this court that defendant was adequately and competently represented. *People v. Stasin, supra,* at 468, 469, 470, 471.

We conclude from an examination of the entire record that the defendant's appeal is wholly frivolous and without merit. The Illinois Defender Project is therefore given leave to withdraw and the appeal is dismissed.

Motion to withdraw granted and appeal dismissed.

GUILD and T. MORAN, JJ., concur.