[Crim. No. 20851. Oct. 12, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
ROSS ARTHUR WENDE, Defendant and Appellant.

COUNSEL

Appellate Defenders, Inc., under appointment by the Court of Appeal, and Paul Bell for Defendant and Appellant.

Evelle J. Younger and George Deukmejian, Attorneys General, Jack R. Winkler and Robert H. Philibosian, Chief Assistant Attorneys General, Daniel J. Kremer, Assistant Attorney General, Harley D. Mayfield, Jay M. Bloom and Robert M. Foster, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

MANUEL, J.—A court found defendant guilty of two counts of robbery in which a firearm was used (Pen. Code, §§ 211, 12022.5) and sentenced him to prison for five years. Defendant appealed, and upon his request the Court of Appeal appointed counsel to represent him.

Counsel filed a brief which set forth a summary of the proceedings and facts with citations to the transcript, raised no specific issues, and called upon the court to make a thorough review of the entire record to determine for itself whether there were any arguable issues. Counsel also submitted a declaration stating that he had advised defendant of the nature of the brief, that he would send defendant a copy of the brief, and that he had informed defendant that the court would permit him to file a brief on his own behalf. Counsel also stated that he was not requesting to withdraw but that he would advise defendant that he could move to have counsel relieved if he so desired. Counsel further indicated that the principal issue at trial was one of credibility of witnesses and that he would cooperate with trial counsel in investigating and seeking writ review of possible new evidence on that issue.

The People moved to have the brief stricken because counsel had not moved to withdraw from the case. The motion was denied, and defendant was given 30 days in which to file a supplemental brief. Defendant did not avail himself of the opportunity. Counsel then waived oral argument, and the cause was submitted. The Court of Appeal filed an opinion wherein it concluded there were no reasonably arguable issues and dismissed the appeal. It did not, however, conduct a review of the entire record before doing so. Appointed counsel, who had not withdrawn from

the case, filed a petition for hearing which we granted to determine whether the proceedings below satisfied the standards set forth in *Anders* v. *California* (1967) 386 U.S. 738 [18 L.Ed.2d 493, 87 S.Ct. 1396] and *People* v. *Feggans* (1967) 67 Cal.2d 444 [62 Cal.Rptr. 419, 432 P.2d 21].

In *Anders* v. *California,* the United States Supreme Court held unconstitutional the no-merit letter procedure we had set forth in *In re Nash* (1964) 61 Cal.2d 491 [39 Cal.Rptr. 205, 393 P.2d 405], for handling appeals by indigent defendants.[1] The court concluded that the no-merit letter procedure failed to satisfy the constitutional requirement of substantial equality and fair process under the Fourteenth Amendment to the Constitution of the United States. In particular, the court found the procedure defective because it did not require a finding by the court that the appeal was frivolous and because it did not require counsel to act in any greater capacity than that of amicus curiae.[2]

The high court outlined the procedures which it deemed essential to satisfy federal constitutional standards: Counsel must act "in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae* .... His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned .... On the other

[1]In *Nash* we held that federal constitutional requirements were met when, "as in this case, counsel is appointed to represent the defendant on appeal, thoroughly studies the record, consults with the defendant and trial counsel, and conscientiously concludes that there are no meritorious grounds of appeal. If thereafter the appellate court is satisfied from its own review of the record in the light of any points raised by the defendant personally that counsel's assessment of the record is correct, it need not appoint another counsel to represent the defendant on appeal and may properly decide the appeal without oral argument." (61 Cal.2d at p. 495.)

[2]The court stated: "We cannot say that there was a finding of frivolity by either of the California courts [on appeal or on subsequent petition for habeas corpus] or that counsel acted in any greater capacity than merely as *amicus curiae* which was condemned in *Ellis, supra.* Hence California's procedure did not furnish petitioner with counsel acting in the role of an advocate nor did it provide that full consideration and resolution of the matter as is obtained when counsel is acting in that capacity." (*Anders* v. *California, supra,* 386 U.S. at p. 743 [18 L.Ed.2d at p. 498].)

hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." (386 U.S. at p. 744 [18 L.Ed.2d at p. 498].)

In *People* v. *Feggans* (1967) 67 Cal.2d 444 [62 Cal.Rptr. 419, 432 P.2d 21], we responded to the Supreme Court's mandate as follows: "Under *Anders,* regardless of how frivolous an appeal may appear . . . , a no-merit letter will not suffice. Counsel must prepare a brief to assist the court in understanding the facts and the legal issues in the case. The brief must set forth a statement of the facts with citations to the transcript, discuss the legal issues with citations of appropriate authority, and argue all issues that are arguable. . . . If counsel concludes that there are no arguable issues and the appeal is frivolous, he may limit his brief to a statement of the facts and applicable law and may ask to withdraw from the case, but he must not argue the case against his client. Counsel is not allowed to withdraw from the case until the court is satisfied that he has discharged his duty to the court and his client to set forth adequately the facts and issues involved. If counsel is allowed to withdraw, defendant must be given an opportunity to present a brief, and thereafter the court must decide for itself whether the appeal is frivolous. [Citations.] If any contention raised is reasonably arguable, no matter how the court feels it will probably be resolved, the court must appoint another counsel to argue the appeal." (*People* v. *Feggans, supra,* 67 Cal.2d at pp. 447-448.)

██ The issue in the present case is whether the Court of Appeal was required under *Anders* and *Feggans* to make a review of the entire record before determining that the appeal was frivolous. Defendant contends that such a review was required and relies in particular on the statement in *Anders* which requires the court, "after a full examination of all the proceedings, to decide whether the case is wholly frivolous." (386 U.S. at p. 744 [18 L.Ed.2d at p. 498].) The People, on the other hand, would have us interpret this seemingly absolute language as applying only when the defendant has availed himself of the opportunity to file a brief. Such an interpretation is supported to some extent by the court's reference immediately preceding the language in question to the defendant's opportunity to "raise any points" desired and by the subsequent reference to determining whether "any of the legal points" are arguable. Other portions of the opinion, however, belie the reasonableness of such an interpretation, and it is contrary to all prior authority cited or found on the question. (See, e.g., *People* v. *McGee* (1978) 82 Cal.App.3d 127 [146 Cal.Rptr. 833]; *People* v. *Woodard* (1973) 33 Cal.App.3d 930 [109

Cal.Rptr. 495]; *People* v. *Sumner* (1968) 262 Cal.App.2d 409 [69 Cal.Rptr. 15]; *United States* v. *Minor* (5th Cir. 1971) 444 F.2d 521; *United States* v. *Reyna* (5th Cir. 1977) 548 F.2d 1154; *People* v. *Stasin* (1969) 113 Ill.App.2d 466 [251 N.E.2d 307]; *State* v. *Pascucci* (1971) 161 Conn. 382 [288 A.2d 408]; see also Hermann, *Frivolous Criminal Appeals* (1972) 47 N.Y.U. L.Rev. 701, 719.)

The thrust of *Anders* was to increase the protection afforded indigent appellants. Even the *Nash* no-merit letter procedure, which was found inadequate, provided for a review of the record by the court. This review was deemed insufficient because it was done without the aid of a brief by counsel and because the court itself did not make an express finding that the appeal was frivolous. It is the latter defect which the court appears to have been attempting to remedy by providing that "the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." (*Anders* v. *California, supra,* 386 U.S. at p. 744 [18 L.Ed.2d at p. 498].) It is no longer sufficient for a court to review the record to determine the correctness of counsel's assessment of the case. (See *State* v. *Pascucci, supra,* 288 A.2d at p. 410.) The court itself must expressly determine whether the appeal is wholly frivolous. Since the court's concern was with not merely accepting counsel's assessment of the case, it follows that the determination and concomitant review of the entire record must be made regardless of whether the defendant has availed himself of the opportunity to submit a brief.

Further support for this interpretation is found in the court's discussion of the benefits to be obtained from requiring a brief by counsel. It was viewed as a great improvement over the no-merit letter since it would "induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished it by counsel." (*Anders* v. *California, supra,* 386 U.S. at p. 745 [18 L.Ed.2d at p. 498].) The no-merit letter, by contrast, was thought to afford "neither the client nor the court any aid. The former must shift entirely for himself while the court has only the cold record which it must review without the help of an advocate." (*Ibid.* [18 L.Ed.2d at pp. 498-499]).

We conclude that *Anders* requires the court to conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous. This obligation is triggered by the receipt of such a brief from counsel and does not depend

on the subsequent receipt of a brief from the defendant personally. We recognize that under this rule counsel may ultimately be able to secure a more complete review for his client when he cannot find any arguable issues than when he raises specific issues, for a review of the entire record is not necessarily required in the latter situation. (See *People* v. *McGee, supra,* 82 Cal.App.3d at p. 129; cf. *In re Smith* (1970) 3 Cal.3d 192, 198 [90 Cal.Rptr. 1, 474 P.2d 969].) We are confident, however, that this state of affairs will not cause attorneys to abandon their professional responsibility to conscientiously review the record and argue all issues that are arguable. In any event, fear of such consequences cannot alter our duty to follow the mandate of *Anders.*

■ The People also assert that the approach taken by counsel in the opening brief did not satisfy the standards set forth in *Anders* and *Feggans.* They argue that counsel should have stated that he had examined the record, found no arguable issues, concluded that any appeal would be frivolous, and thereupon requested permission to withdraw. We disagree. Although a statement of counsel's efforts and failure to find any arguable issues might be helpful, we do not interpret *Anders* and *Feggans* as requiring that. Counsel's inability to find any arguable issues may readily be inferred from his failure to raise any. Nor do we think that it was necessary in this case for counsel to seek leave to withdraw. Counsel did not describe the case as frivolous; if he had, a request to withdraw might have been required under *Anders,* for counsel might be deemed to have disqualified himself by characterizing the appeal as frivolous. So long as counsel has not disabled himself from effectively representing his client by describing the case as frivolous, no reason appears why he should be required to request to withdraw. Indeed, there may be practical benefits to the court and the client from counsel's remaining on the case, as has been noted by some commentators and courts. (See *Suggs* v. *United States* (D.C. Cir. 1968) 391 F.2d 971, 977-978; ABA Project on Standards for Crim. Justice, Stds. Relating to Crim. Appeals (Approved Draft 1970) std. 3.2.) We believe that counsel may properly remain in the case so long as he has not described the appeal as frivolous and has informed the defendant that he may request the court to have counsel relieved if he so desires.[3]

---

[3]If the court in its review finds an issue which it deems reasonably arguable, *Feggans* makes it clear that the court must appoint new counsel if previous counsel was allowed to withdraw. (See *People* v. *Feggans, supra,* 67 Cal.2d at p. 448.) Where counsel has remained in the case and meets the above-described conditions, the court may, of course, allow him to continue. In any event, the court, upon finding an arguable issue, should inform counsel for both sides and provide them an opportunity to brief and argue the point.

We have undertaken a review of the entire record in this case and have found no arguable issues therein.[4] The case was tried before the court, and the only issue at trial was the credibility of witnesses. Defendant admitted taking money from the victims; the only dispute was about how the money was taken, whether by trickery as defendant testified or by drawing a gun as the victim testified. The judge believed the victim, and there was nothing to indicate that the victim's testimony was inherently improbable or otherwise insubstantial. (Cf. *People* v. *Lang* (1974) 11 Cal.3d 134, 139 [113 Cal.Rptr. 9, 520 P.2d 393].)

In view of the fact that we have made a thorough review of the merits and have heard argument on the case, we deem it appropriate to affirm the judgment rather than to dismiss the appeal as frivolous. Once the record has been reviewed thoroughly, little appears to be gained by dismissing the appeal rather than deciding it on its merits. Furthermore, a question has been raised as to whether it is ever appropriate to dismiss an appeal as frivolous. (Compare 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 475, pp. 4430-4431 with Kallay, *The Dismissal of Frivolous Appeals by the California Courts of Appeal* (1979) 54 State Bar J. 92.) Our disposition renders it unnecessary for us to reach this question.

The judgment is affirmed.

Bird, C. J., Tobriner, J., Mosk, J., Richardson, J., and Newman, J., concurred.

**CLARK, J.**—I concur in the judgment of affirmance, but dissent from the majority holding that appellant was not accorded his full right to representation by counsel in the Court of Appeal.

The majority now require an appellate court to abandon its traditional role as an adjudicatory body and to enter the appellate arena as an

---

[4]Although not appearing from the record before us, it was suggested by defense counsel at oral argument that defendant is entitled to good time and work credit deductions from his prison term under Penal Code sections 2900.5 and 4019. The question of entitlement to such credits for presentence custody is now before this court in *People* v. *Sage*, Crim. 20997; *People* v. *Brown*, Crim. 20998; and *In re Davis*, Crim. 20999. In the present case, the record does not contain sufficient facts to determine whether, if such credits were available, defendant would be entitled to any. Nor does the record reveal whether or not defendant has already received such credits. Rather than delay decision in this case, we deem it appropriate to leave open the possible question of defendant's entitlement to good time or work credits for presentence custody. Defendant, of course, will be in a position to seek any relief that might be due him by commencing appropriate writ proceedings after decision in the pending cases.

advocate. Whatever the right of a person convicted of crime to an appeal, an appellate court cannot be burdened first, with determining what contentions should be urged on appeal and then, with resolving those contentions.

Neither *Anders* v. *California* (1967) 368 U.S. 738 [18 L.Ed.2d 493, 87 S.Ct. 1396] nor *People* v. *Feggans* (1967) 67 Cal.2d 444 [62 Cal.Rptr. 419, 432 P.2d 21] requires the procedures proposed by today's majority opinion. The precise holding in *Anders* was that a "no merit" letter by appointed appellate counsel "was not enough" to satisfy an indigent's constitutional right to representation. Just what is "enough" is not clear, but the majority of the court in that case certainly did not require an appellate court to function as cocounsel with counsel of record as do the majority in this case.

The majority in *Anders* appear to require the appellate procedure afford "full consideration and resolution of the matter as is obtained when counsel is acting" as an advocate. (*Anders* v. *California, supra,* 368 U.S. 738, 743 [18 L.Ed.2d 493, 498].) "His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw."[1] (*Id.,* at p. 744 [18 L.Ed.2d at p. 498].) Counsel finding no issue which can be conscientiously raised must nevertheless submit a brief "referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses . . . ." (*Id.,* [18 L.Ed.2d at p. 498]).

The *Anders* procedures have been substantially complied with in the instant case. There is no basis for the conclusion counsel has not acted as an advocate to the best of his ability. In fact, the majority of this court, like appellate counsel, have concluded the appeal is without merit following full and conscientious examination of the record. Additionally,

---

[1]The majority in *Anders* first quibble with an appellate court conclusion the appeal in that case was "without merit," when the appellate court should have concluded that the appeal was "frivolous," as grounds for denying relief. (*Anders* v. *California, supra,* 386 U.S. 738, 743 [18 L.Ed.2d 493, 498].) I cannot accept this distinction. An appeal which is without merit is entitled to no different appellate treatment from one which is frivolous, if in fact there is any distinction between those terms in this context. Near the close of their opinion, the majority seem to agree that there is no distinction when they state: ". . . if [the court] finds any of the legal points arguable on their merits (and therefore not frivolous) . . . ." (*Id.,* at p. 744 [18 L.Ed.2d at p. 498]; see also dis. opn. by Stewart, J., at p. 745 [18 L.Ed.2d at p. 499].)

counsel—after determining the appeal to be meritless—has so advised the court; has submitted a brief setting forth a summary of the proceedings and evidence with citation to the transcript; has stated that the principal issue at trial was credibility of witnesses; has delivered a copy of the brief to defendant and has advised him in the manner required by *Anders*.

The only step counsel has not undertaken is an affirmative request for permission to withdraw. However, he stated that he would and apparently did advise defendant that defendant could move to have counsel relieved if defendant desired, and that the court would permit defendant to file a brief on his own behalf. Thus, while counsel did not request to be permitted to withdraw he nevertheless advised defendant how he might effect counsel's withdrawal. We must assume defendant did not wish counsel to be relieved, and did not wish to raise any issue on appeal beyond matters stated in counsel's brief. As far as the record shows, defendant had at all times during his initial appeal been represented by counsel to whom defendant did not object, and counsel has diligently performed in the manner required by *Anders*. I am unable to discern a denial of constitutional dimension because, in place of an affirmative request to withdraw as defendant's counsel, counsel has advised defendant how he may effect such withdrawal.

Contrary to the majority holding, *Anders* imposes no duty on an appellate court to intervene in a defendant's behalf to examine a record for error when counsel has already done so and has submitted a brief similar to that filed in this case. *Anders* requires the appellate court make a full examination of the "proceedings"—*not record*—determining the merit—if any—of the appeal. (*Anders* v. *California, supra,* 386 U.S. 738, 744 [18 L.Ed.2d 493, 498].) *Anders* simply commands the appellate court to ascertain whether appellate counsel and the courts have performed in the manner required by law. If counsel has so performed, then his determination of arguable issues to be presented on appeal, if any, affords to defendant full constitutional representation. Further, it seems clear the Supreme Court intended that it not be the appellate court's function to search the record to ascertain arguable issues because only after *defendant* is afforded an opportunity "to raise any points that he chooses," is the appellate court to appoint new counsel if it finds, "any of the legal points" arguable on the merits. (*Id.,* at p. 744 [18 L.Ed.2d at p. 498].) Thus the appellate court shall respond only to issues raised *to* it, not to issues raised *by* it.

The majority hold the right to appellate counsel is offended when conscientious examination of the record fails to reveal error where none exists; *Anders* neither requires nor supports the majority holding.[2]

*Feggans,* like *Anders,* does not support the majority holding. In that case this court held that counsel "must prepare a brief to assist the court in understanding the facts and the legal issues in the case. The brief must set forth a statement of the facts with citations to the transcript, discuss the legal issues with citations of appropriate authority, and argue all issues that are arguable. . . ." *(People v. Feggans, supra,* 67 Cal.2d 444, 447.) Counsel in the instant case has complied with the foregoing mandate. *Feggans* further requires that when counsel concludes there is no arguable issue "he may limit his brief to a statement of the facts and applicable law," and that he "may" ask to withdraw from the case. *(Id.)* Again, counsel has complied. He did not elect the *Feggans* option to withdraw although he did not foreclose withdrawal should defendant have so elected. According to *Feggans,* counsel is to remain of record "until the court is satisfied that he has discharged his duty to the court and his client to set forth adequately the facts and issues involved." *(Id.)* Here, the Court of Appeal was so satisfied and it cannot be said that its satisfaction was unreasonable. Appellant was thus continually represented by appellate counsel.

Only when counsel is allowed to withdraw, creating a situation where appellant is unrepresented, is defendant to be given an opportunity to present a brief and thereafter the court is to determine whether the appeal is without merit. However, even then the court responds only to issues raised rather than to issues it seeks out by an independent examination of the record. "If any contention *raised* is reasonably arguable . . . the court must appoint another counsel . . . ." *(Id.,* at p. 448; italics added.) Thus *Feggans* does not require the court intervene to examine the record for error when an appellant is represented by counsel who has examined the record. As already stated, there is nothing to indicate that counsel's evaluation of the record was in any way inadequate. In fact, both the Court of Appeal and all members of this court have agreed with counsel there is simply no arguable issue.

[2]The majority opinion leads to a further anomaly. Counsel who determines after conscientious examination of the record there may be marginal error could prejudice his client by asserting such error. If instead of urging the error he states the appeal is without merit and withdraws, and defendant asserts such error, the appellate court will afford defendant a more thorough, careful review of the entire record.

The majority today effectively designate our already overburdened Courts of Appeal as cocounsel to indigents convicted of crime on unassailable records.

The judgment should be fully affirmed.

Respondent's petition for a rehearing was denied November 21, 1979. Clark, J., was of the opinion that the petition should be granted.