Filed 7/11/13  P. v. Stuberg CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MARK OLIVER STUBERG,<br><br>        Defendant and Appellant. | A136672<br><br>(San Mateo County<br>Super. Ct. No. SC075372) |

        This is an appeal from a judgment of conviction in the Superior Court of San Mateo County following a jury trial.  It is authorized pursuant to Penal Code section 1237.  Counsel for defendant has reviewed the file in this case and has determined there are no meritorious issues to raise on appeal.  She has complied with the relevant case authorities.  (*People v. Kelley* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436.)  She has also notified defendant of his right to file a supplemental brief, but defendant has not done so.  Upon independent review of the record, we conclude that no arguable issues are presented for review and affirm the judgment.

        An information was filed in the matter on March 22, 2012.  Defendant was charged in count one with unlawful possession of a controlled substance (hydrocodone), a violation of Health and Safety Code section 11350, subdivision (a); in count two, a violation of Health and Safety Code section 11377, subdivision (a), possession of a controlled substance (methamphetamine); and, in count three, the unlawful possession of a device used to smoke a controlled substance, a pipe, a misdemeanor violation of Health and Safety Code section 11364.  These charges arose from defendant's arrest on

November 13, 2011.  The information also alleged three prior convictions for possession of a controlled substance; an allegation precluding probation under Health and Safety Code section 11370.

Defendant pled not guilty to all charges and denied the enhancements alleged. Before the commencement of the trial, the trial court dismissed the first two prior allegations on motion by the district attorney.

The jury trial began on September 17, 2012.  At the close of the prosecution case, the defense asked the trial judge to strike the testimony by one of the police officers. Counsel focused on the statement by defendant to the officer regarding the presence of methamphetamine in the car registered in Stuberg's name as being a statement obtained without *Miranda*.[1]  The district attorney maintained the remark was a spontaneous statement by defendant.  The trial court denied defendant's motion to strike.  He concluded there was no *Miranda* violation under the totality of circumstances.

On September 24, 2012, the jury found defendant guilty on all counts.  The trial court found the one prior allegation true.  After the verdict, counsel for defendant waived the right to a probation report and the court imposed sentence.  The court granted formal probation of three years on counts one and two, and directed defendant to participate in a formal drug treatment program while on probation under Proposition 36.  The sentence on count three was suspended.  Fines and fees were imposed by the court.

On September 24, 2012, a notice of appeal was filed.

### STATEMENT OF FACTS

Officer Walsh of the South San Francisco Police Department was on duty on November 13, 2011.  At approximately 5:50 p.m., she was patrolling the area of 451 South Airport Boulevard.  She noticed a Nissan minivan illegally parked in a handicapped spot near the Bay Trail.  A registration check of the van indicated it was

---

[1] *Miranda v. Arizona* (1966) 384 U.S. 436.

2

registered to defendant and that he was on probation with a specified search condition of his vehicle and person. Exiting her vehicle, Officer Walsh walked along the Bay Trail looking for Stuberg. She found a homeless camp and called for backup.

The backup officer, Molyneux, arrived and joined Walsh in looking for defendant. They found him sitting on a bench with another person. Defendant told the police he was visiting friends in the area and that he was from Vallejo. While Walsh told Stuberg she wanted to search his vehicle, defendant told her he was no longer on probation but would allow her to pat search him. Nothing was found on his person. The officers walked defendant back to his vehicle to check it out.

Officer Walsh searched the car in the presence of defendant and Officer Molyneux. Inside a backpack found on the front seat, Walsh found 15 prescription bottles, many with defendant's name on the label. Three other bottles found in the backpack were for Vicodin, prescribed to "Robert Stuberg" and "Betty Stuberg," the deceased parents of defendant. Defendant advised Walsh he used the pills for relief if other medications were not helpful. Each of the bottles contained Vicodin. The prescriptions dated back to 1997, 1999, and 2001.

Walsh then asked Stuberg if he had other items on his person. He remarked he had a loaded pipe in his sock. A glass pipe containing a crystalline substance was found which generated the charge of possessing paraphernalia.

Officer Walsh engaged in further search of the van. Looking under the driver's seat, she found a black container with two baggies of a substance Walsh believed to be methamphetamine. One of the baggies had a weight of 10 grams while the smaller one weighed one gram. When Walsh told Stuberg she found suspected methamphetamine, defendant responded he had smoked some of the drug that morning. He also said a judge had told him he could possess methamphetamine if he had a prescription for the drug.

Mona Ten, a criminalist for the San Mateo Sheriff's Forensic Laboratory, examined the substances found in the van and confirmed the presence of hydrocodone. She also found methamphetamine in the pipe and baggies.

In the defense case, Stuberg claimed he had prescriptions for Desoxyn, a pharmaceutical methamphetamine, and Adderall. These medicines had been prescribed for defendant in 2009 by a psychiatrist. Between the date of the prescription and the arrest, the doctor has passed away. The Vicodin medicines were prescribed for the parents of defendant, with one parent dying in 2003 and the other 2005. Defendant used the medications when he felt personal pain. Defendant acknowledged ownership of the methamphetamine. He claimed he could legally possess the drug because Judge Dylina of San Mateo County told him possession was appropriate if he had a valid prescription for the drug.

At trial, defendant presented no prescription allowing him to possess any of the drugs found in the search of the car by Officer Walsh.

## DISCUSSION

After the jury was sworn but before testimony was received, the defense presented an Evidence Code section 402 motion challenging defendant's statements to the police. Out of the jury's presence, each side made their proffer on the issue. While defendant's counsel characterized the conversation at the scene as an interrogation, the district attorney argued Officer Walsh in the presence of Officer Molyneux and Stuberg simply announced what she had found during the search of the van. After stating she had found methamphetamine, the defendant volunteered that he "didn't think it was very good methamphetamine because he really did not feel the effects after smoking it earlier that day. That it was legal . . . to have the methamphetamine. That he had been prescribed other medications that contain[] some of the same ingredients the methamphetamine had in it. And that he said when he was in court in the past the judge had told him that he would take his medications in any way he wanted."

4

The trial court determined Stuberg was detained at the time Officer Walsh disclosed what she had found.  Because defendant was not legally in custody, the court stated *Miranda* warnings were not needed and the statements were admissible. Defendant did not testify in the 402 hearing, nor did his counsel submit any written papers dealing with the legal issue.  The prosecution did provide a written motion on the admissibility of the comments by defendant.

The trial court, at the end of the government's case, ruled the statements were not made in violation of *Miranda.*

Statements by a suspect made spontaneously and not in response to police interrogation are admissible despite a failure to give *Miranda* warnings.  (*Miranda v. Arizona, supra,* 384 U.S. 436, 478.)  Casual conversation by an officer with an arrestee not intended to elicit incriminating answers does not implicate *Miranda.*  (*People v. Bradford* (1997) 14 Cal.4th 1005, 1034–1035.)  The warnings only apply when police conduct an actual interrogation or engage in conduct reasonably likely to induce a response.  (*People v. Gamache* (2010) 48 Cal.4th 347, 387–388.)  In this case, the trial court found there was nothing presented suggesting an interrogation by police. Furthermore, defense counsel did not contend the police conduct was reasonably likely to trigger responses by Stuberg.

It is also true that when the police are simply conducting an investigation, a valuable tool they use is general on-the-scene questioning.  Such questioning is designed to clarify the circumstances.  (*People v. Haugland* (1981) 115 Cal.App.3d 248, 256.)  A temporarily detained suspect is not a person under arrest.  (*Berkemer v. McCarthy* (1984) 468 U.S. 420, 442; *Stansbury v. California* (1994) 511 U.S. 318, 322–323.)  Under the circumstances discussed, *Miranda* warnings were not necessary here.

A review of this record reflects that other than defendant's oral motion to exclude, no other motions challenging the search and seizure were presented.  Based on this

5

record, we find the search was a valid probation search and investigation. No motion to suppress was presented in this matter.

A review of this record otherwise supports the result. The evidence presented supports the verdicts of the jury. Defendant was professionally represented by counsel. The court's sentence of probation and several conditions were correct in light of the history of drug usage. We can find no error in this matter. We affirm the judgment.

_____
Dondero, J.

We concur:


_____
Margulies, Acting P. J.

_____
Sepulveda, J.*


* Retired Associate Justice of the Court of Appeal, First Appellate District, Division Four, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.