Filed 10/24/13  P. v. Hinton CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LESLIE HINTON,<br><br>    Defendant and Appellant. | B249245<br><br>(Los Angeles County<br>Super. Ct. No. BA 391425) |

APPEAL from a judgment of the Superior Court for the County of Los Angeles. Craig J. Mitchell, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

## SUMMARY

Defendant Leslie Hinton pled no contest to a misdemeanor charge of having a concealed firearm in a vehicle. He appealed from the denial of his motion to suppress evidence. His court-appointed counsel filed a brief requesting this court's independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Our review of the record shows no arguable issues, and we affirm the judgment.

## FACTS

Police officers obtained a warrant to search premises, vehicles and persons at two adjacent locations in Los Angeles, 2604 South Hill Street and 2620 South Hill Street. The premises consisted of a warehouse at each location, and the search warrant included the surrounding grounds and "all vehicles, specifically connected to occupants or permanent residents of the location and parked directly on or nearby to" the locations. The police had reason to believe that marijuana was being illegally cultivated, stored, transported and sold from the premises.

The warehouses at the two locations were separated by a lot connecting the two buildings. The warehouse at 2620 South Hill Street and the connecting lot were behind a black iron gate.

Officer Kristina Fuentes was observing the location at 2620 South Hill Street just before the execution of the warrant on November 3, 2011. She saw defendant sitting in a white Ford Focus. The car was "behind the gate next to the warehouse and the gate [was] enclosed around the warehouse." While Officer Fuentes was observing him, defendant got out of the car and went to open the black gate for another vehicle. Defendant opened the gate, a Mustang with two occupants pulled in, and defendant closed the gate. Defendant went back to the Ford Focus and got inside again. The two people in the Mustang got out and approached the Ford Focus, and appeared to have a conversation with defendant.

During the search that followed, Officer Fuentes and her partner searched the Ford Focus, and her partner found a firearm under the driver's seat.

2

Defendant was charged by information with having a concealed firearm in a vehicle (former Pen. Code, § 12025, subd. (a)(1); see § 25400, subd. (a)(1)) and carrying a loaded, unregistered handgun (former § 12031, subd. (a)(1); see § 25850, subd. (a)), both felonies.

Defendant pled not guilty and moved to suppress the handgun and ammunition. He argued the search exceeded the scope of the warrant because there was no proof the Ford Focus was "specifically connected to occupants or permanent residents of the location," as required by the warrant, and so was "presumptively illegal as a warrantless search."

The court denied the motion to suppress, saying that "[t]o occupy property is to be present." Further, defendant "obviously [had] the ability to control access to that property from inside of the property where a metal gate has to be opened . . . . That supports a more refined definition of the word 'occupant' as being someone who has some authority over that property. [¶] And based on [defendant's] ability to control who comes in, who goes out, the testimony that is consistent with him, as soon as he lets somebody in he gets back in his car, he doesn't go anywhere. It seems based on what I have heard that he performs a very distinct function at that location, and that is to control egress at that property."

Defendant then pled no contest to a misdemeanor count of having a concealed firearm in a vehicle, and the other charge was dismissed. The court suspended imposition of sentence; placed defendant on summary probation for two years, conditioned on serving two days in jail (less two days custody credit) and "perform[ing] 15 days of Cal Trans"; and imposed various fines (a $100 restitution fine; a $100 probation revocation restitution fine (stayed); a $40 court security fee; and a $30 conviction assessment).

Defendant filed a timely appeal from the denial of his motion to suppress evidence. On August 27, 2013, defendant's appointed counsel filed a *Wende* brief setting forth the facts and requesting our independent review of the record. That same day, this court sent defendant a notice stating that counsel filed a *Wende* brief, that counsel was directed to send the record on appeal and a copy of the brief to defendant, and that

defendant could submit by brief or letter any argument he wished the court to consider within 30 days.  No brief or letter has been received.  (Counsel's supporting declaration in his *Wende* brief stated that he wrote to defendant at his last known address, but three letters were returned by the post office indicating defendant is no longer at that address and left no forwarding address, and for that reason, counsel has not sent defendant the transcripts of the record on appeal.)

## DISCUSSION

We have reviewed the entire record in this case, fully described above, and have found no arguable issues.  (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende*, *supra,* 25 Cal.3d 436.)  It is clear the trial court did not err in denying defendant's motion to suppress the evidence.

## DISPOSITION

The judgment is affirmed.


GRIMES, J.


We concur:



BIGELOW, P. J.



FLIER, J.

4