Filed 8/25/21  P. v. Whitter CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br>    Plaintiff and Respondent,<br><br>v.<br><br>SOLOMON E. WHITTER,<br>    Defendant and Appellant. | A161480<br><br>(City and County of San Francisco<br>Super. Ct. No. 230692) |

On July 5, 2018, the San Francisco District Attorney filed a complaint, later amended on July 12, 2019, charging defendant Solomon E. Whitter with the felony offenses of residential burglary in the first degree (count one) (Pen. Code,[1] § 459) and grand theft of personal property (§ 487, subd. (a)) (count two) based on a June 24, 2018 incident; and second-degree burglary (§ 459) (count three) based on a November 30, 2018 incident.

On July 12, 2019, defendant, having waived his rights, pled guilty to counts one and three (burglary counts), with the understanding that the second count would be dismissed, imposition of sentences would be suspended, and he would be placed on concurrent

---

[1]     All undesignated statutory references are to the Penal Code.

terms of three years of formal probation. The parties stipulated there was a factual basis for the pleas in the preliminary hearing held on January 31, 2019, and a San Francisco police report.

On August 2, 2019, defendant was sentenced as promised at the change of plea proceeding. The court also directed defendant to pay victim restitution, noting that the victims of the June 24, 2018 incident were requesting $85,614. Because the court was told the restitution amount might be in dispute, the matter was set for a restitution hearing which was then continued several times to allow defense counsel to investigate the claimed restitution amount.

At a continued restitution hearing held on July 8, 2020, the prosecutor submitted a report from the probation department seeking $85,614. This amount was supported by an itemized insurance claim for the "Cost(Value)" of the following items: $30,000 in cash, $24,955 black pearl necklace (separate 2005 insurance appraisal replacement value including tax), $8,000 Chanel white pearl necklace and earrings, $300 Burberry sunglasses, $11,000 two limited edition Louis Vuitton bags, $1,199 Apple laptop (separate receipt), $5,300 Chanel bag, $160 Hermes perfume (separate receipt), $400 makeup products, $100 White Air Jordans, $100 White Nike Hurricane, $600 two Beatz Headphones, and $3,500 for "Door, Locks, and Keys Replacement." Over defendant's objection, the court found the insurance claim was sufficient to meet the prosecution's initial burden of showing a nexus between the claimed losses and the criminal incident (*People v. Crisler* (2008) 165 Cal.App.4th 1503, 1508), and noted that the insurance claim was more information than was frequently proffered to demonstrate losses incurred by victims and the valuation estimates appeared reasonable.

2

Having found the prosecution met its burden, the court informed defendant that the burden shifted to him to disprove the reasonableness of the requested restitution and the matter was continued to allow defense counsel to research the value of the stolen items.

At the continued restitution hearing on November 18, 2020, defense counsel confirmed that defendant was unable to disprove the reasonableness of the sums sought for the items taken in the burglary and the court directed defendant to pay $85,614 as direct victim restitution. The court properly rejected defendant's renewed objection to the sufficiency of the prosecution's evidence of the victims' losses. (See *People v. Prosser* (2007) 157 Cal.App.4th 682, 690 [" '[i]n determining the amount of restitution, all that is required is that the trial court "use a rational method that could reasonably be said to make the victim whole, and may not make an order which is arbitrary or capricious," ' " quoting in part *People v. Akins* (2005) 128 Cal.App.4th 1376, 1382]; *People v. Birkett* (1999) 21 Cal.4th 226, 246-247 [defendant not entitled to credit for payments made to victims by their own homeowners' insurer]; § 1202.4, subd. (f)(2) ["[d]etermination of the amount of restitution ordered pursuant to this subdivision shall not be affected by the indemnification or subrogation rights of a third party"].)

Defendant filed a notice of appeal, challenging the November 18, 2020 order directing him to pay victim restitution. Appellate counsel has filed a brief asking us to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 to determine whether there are any arguable issues on appeal. Appellate counsel has averred defendant was advised of his right to file a supplemental brief, but he

3

has not filed such a brief.  Having independently reviewed the record, we conclude there are no issues that require further briefing and affirm the November 18, 2020 order.

## DISPOSITION

The November 18, 2020 order is affirmed.

_____

Petrou, Acting P.J.


WE CONCUR:



_____

Jackson, J.



_____

Chou, J.*











A161480/ *People v. Whitter*

_____

* Judge of the Superior Court of San Mateo County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5