Filed 6/13/13  In re Miguel S. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re Miguel S., a Person Coming Under the Juvenile Court Law. | |
| | D062991 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J231476) |
| v. | |
| MIGUEL S., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Polly H. Shamoon, Judge.  Affirmed.

Charles R. Khoury, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

INTRODUCTION

Miguel S. (Miguel) admitted committing one felony count of grand theft (Pen. Code, § 487, subd. (c))[1] (count 2) and one misdemeanor count of resisting or delaying a peace officer (§ 148, subd. (a)(1)) (count 3).  At a contested disposition hearing, the trial court committed Miguel to Camp Barrett for a period not to exceed 365 days.  We affirm.

II.

FACTUAL AND PROCEDURAL BACKGROUND

On March 7, 2012, Miguel willfully and unlawfully took a telephone from the victim without the victim's permission (count 2).  Miguel attempted to run from an officer who was attempting to investigate the incident, which delayed the officer in completing his duties (count 3).

On May 11, the People filed a petition contending that Miguel committed one felony count of robbery (§ 211) (count 1), one felony count of grand theft (§ 487, subd. (c)) (count 2), one misdemeanor count of resisting or delaying a peace officer (§ 148, subd. (a)(1)) (count 3), one misdemeanor count of petty theft (§ 484) (count 4), and one misdemeanor count of being intoxicated in a public place (§ 647, subd. (f)) (count 5).  All of the charges stemmed from the March 7 incident.

On August 30, defense counsel informed the court that Miguel was "prepared to accept the People's offer" and that he agreed to admit having committed counts 2 and 3,

---

[1]     Unless otherwise specified, all subsequent statutory references are to the Penal Code.

in exchange for a dismissal of counts 1, 4, and 5, with *Harvey*[2] waivers. Defense counsel further stated that Miguel understood that his maximum time of confinement was three years four months. Miguel then admitted having committed counts 2 and 3. The court sustained the counts as admitted, and granted the People's motion to dismiss the balance of the counts.

The probation officer filed a report recommending that Miguel be committed to Camp Barrett for a period not to exceed 365 days. In his report, the officer noted that Miguel had a drug problem, that he had struggled with following directions and had been argumentative with staff while in Juvenile Hall, and that he had performed poorly in school. The probation officer also noted that he had reviewed a psychological evaluation of Miguel and had considered Miguel's age (18) and behavior at home and school in formulating a recommended disposition.

At a contested disposition hearing, the trial court adopted the probation officer's recommendation and committed Miguel to Camp Barrett for a period not to exceed 365 days.

Miguel's appointed appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). After counsel filed a *Wende* brief, this court granted Miguel the opportunity to file a supplemental brief on his own behalf. Miguel has not filed a supplemental brief.

---

[2]     (See *People v. Harvey* (1979) 25 Cal.3d 754, 758.) "When the defendant enters a negotiated disposition, with counts dismissed subject to a *Harvey* waiver, the court can consider the dismissed counts for purposes of sentencing and restitution." (*People v. Hume* (2011) 196 Cal.App.4th 990, 996.)

## III.

## DISCUSSION

*A review of the record discloses no error*

In his brief on appeal, Miguel's counsel presents no argument for reversal, but asks this court to review the record for error, as mandated by *Wende*, *supra*, 25 Cal.3d 436. Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel lists as a possible, but not arguable, issue: "Was it an abuse of discretion for the judge to detain this appellant, who had no prior juvenile record, remove him from the custody of his parents and commit him to Camp Barrett for 365 days?"

A review of the record pursuant to *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738, including the possible issue listed pursuant to *Anders,* has disclosed no reasonably arguable appellate issues. Miguel has been competently represented by counsel on this appeal.

## IV.

## DISPOSITION

The disposition order is affirmed.

AARON, J.

WE CONCUR:

McCONNELL, P. J.

McDONALD, J.

4