Filed 6/7/16  P. v. Stefano CA3

**NOT TO BE PUBLISHED**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Placer)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>BRADLEY DAVID DE STEFANO,<br><br>Defendant and Appellant. | C080661<br><br>(Super. Ct. No. 62-140305) |

Defendant Bradley David De Stefano stole property worth more than $950 from Rachel Rhyne in July 2015.  He was charged with one count of first degree residential burglary, a serious felony.  (Pen. Code, §§ 459, 1192.7, subd. (c)(18).)

Defendant pleaded no contest to grand theft of personal property.  (Pen. Code, § 487, subd. (a).)  Pursuant to the plea agreement, he was placed on five years of formal probation and ordered to serve 240 days in county jail, with an alternative of residential treatment in a program approved by the probation department, at the discretion of the

1

department.  Defendant received 77 days of presentence custody credit (39 actual and 38 conduct credits).  Various fines, fees, and assessments were imposed.  The court retained jurisdiction over the issue of restitution to the victim.

Defendant appeals.  He did not obtain a certificate of probable cause.

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

BUTZ      , J.

We concur:

BLEASE     , Acting P. J.

RENNER     , J.

2