Filed 8/31/20  P. v. Thomas CA4/2
Opinion following rehearing

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074836 |
| v. | (Super.Ct.No. SWF011637) |
| DALE DANTE THOMAS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.  Affirmed.

Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## FACTUAL AND PROCEDURAL HISTORY

### A.    PROCEDURAL HISTORY

On February 15, 2007, an information charged defendant and appellant Dale Dante Thomas and a codefendant with murder under Penal Code section 198, subdivision (a) (count 2), and murder under Penal Code sections 664 and 187, subdivision (a) (count 3).[1] The information also included numerous other allegations.

On March 28, 2011, pursuant to a plea agreement, defendant pled guilty to the lesser charge of manslaughter under Penal Code section 192, subdivision (a).[2] In exchange, defendant agreed to cooperate with the People in another criminal case. Defendant also admitted a criminal street gang enhancement under Penal Code section 186.22, subdivision (b), and that he was armed with a firearm under Penal Code section 12022, subdivision (a)(1). On December 19, 2011, pursuant to the plea agreement, the trial court sentenced defendant to an aggregate term of 30 years in prison.

On February 22, 2019, defendant filed a petition for resentencing under Penal Code section 1170.95. In the petition, defendant indicated as follows: "I pled guilty or no contest to 1st or 2nd degree murder in lieu of going to trial because I believed I could have been convicted of 1st or 2nd degree murder at trial pursuant to the felony murder rule or the natural and probable consequences doctrine."

---

[1] The codefendant was charged in another count of murder; he is not a party to this appeal.

[2] Defendant also pled guilty to Penal Code section 211 and Penal Code sections 664 and 187, subdivision (a), regarding a different victim. These guilty pleas are not pertinent to this appeal.

Penal Code section 1170.95, which became effective on January 1, 2019, provides relief for specified individuals convicted of felony murder as aider and abettors, who are not the actual killers. Penal Code section 1170.95, in pertinent part, states:

"(a) A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.

"(3) The petitioner could not be convicted of first or second degree murder because of changes to [Penal Code sections] 188 or 189 made effective January 1, 2019."

On October 10, 2019, the People filed a motion to strike defendant's petition alleging that Penal Code section 1170.95 is unconstitutional and that defendant did not qualify for relief because defendant was convicted of manslaughter, not murder.

On February 7, 2020, the trial court held a hearing on defendant's motion. Defendant was not present but was represented by counsel. The trial court granted the People's request to dismiss the petition relying on a "new" case, stating: "There's a brand new case from this week, *People versus,* I think it's, *Cervantes. . . .* Well, not quite

3

this week. January 30th. . . . But *Cervantes* stands for the proposition that manslaughter gets no relief."[3] In *People v. Cervantes*, the appellate court stated that "[t]he decision not to include manslaughter in [Penal Code] section 1170.95 falls within the Legislature's 'line-drawing' authority as a rational choice that is not constitutionally prohibited. [Citation.] '[T]he Legislature is afforded considerable latitude in defining and setting the consequences of criminal offenses.' [Citation.] A classification is not arbitrary or irrational simply because it is 'underinclusive.' [Citation.] 'A criminal defendant has no vested interest " 'in a specific term of imprisonment or in the designation [of] a particular crime [he or she] receives.' " ' [Citation.] 'Courts routinely decline to intrude upon the "broad discretion" such policy judgments entail.' " (*People v. Cervantes*, *supra*, 44 Cal.App.5th at pp. 888-889.)

On February 26, 2020, defendant filed a timely notice of appeal.

B. FACTUAL HISTORY[4]

On April 1, 2005, defendant was the driver of a vehicle involved in a robbery of a liquor store. The codefendant shot and killed the store clerk during the robbery. Defendant was an accomplice to the robbery and not the triggerman.

---

[3] There was no citation by the trial court or parties, but we infer the case the trial court was discussing is *People v. Cervantes* (2020) 44 Cal.App.5th 884, which was decided on January 30, 2020.

[4] The brief factual history is taken from the People's opposition to defendant's petition; a detailed statement of facts is not pertinent to this appeal.

## DISCUSSION

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and a potential arguable issue, and has requested this court to undertake a review of the entire record. Pursuant to *Anders*, counsel identified the following issues to assist the court in its search of the record for error:

(1)     "Is [Penal Code] section 1170.95 unconstitutional?";

(2)     "Was there reversible error in not bringing appellant to the resentencing hearing?";

(3)     "Did the court err in finding that Voluntary Manslaughter, [Penal Code] section 192, subdivision (a) is not entitled to relief under [Penal Code] section 1170.95?"; and

(4)     "Did the court err in finding that someone who could have been convicted of Murder but accepted a plea bargain to a reduced charge was not eligible for [Penal Code] section 1170.95 relief?"

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so.

An appellate court concludes a review of the entire record to determine whether the record reveals any issues which, if resolved favorably to defendant, would result in reversal of modification of the judgment. (*People v. Wende*, *supra*, 25 Cal.App.3rd at pp.

5

441-442; *People v. Feggans* (1967) 67 Cal.2d 444, 447-448; *Anders v. California*, *supra*, 386 U.S. at p. 744; see *People v. Johnson* (1981) 123 Cal.App.3rd 106, 109-112.)

The issue on this appeal is similar to the issue discussed in division 1 of this court in *People v. Flores* (2020) 44 Ca1.App.5th 985, 992: "This appeal requires us to determine whether [Penal Code] section 1170.95 permits persons who were convicted of voluntary manslaughter to have their convictions vacated and to be resentenced." (*People v. Flores* (2020) 44 Ca1.App.5th 985, 992.) The *Flores* court found that "[b]y its terms, [Penal Code] section 1170.95 authorizes only a person who was 'convicted of felony *murder* or *murder* under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's *murder* conviction vacated.' " (*Id.* at pp. 992-993.) The court reasoned, "[t]hrough its repeated and exclusive references to murder, the plain language of [Penal Code] section 1170.95 limits relief only to qualifying persons who were convicted of murder. [Penal Code s]ection 1170.95 does not mention, and thus does not provide relief to, persons convicted of manslaughter." (*Id.* at p. 993.) Because defendant was convicted of manslaughter, the trial court properly denied defendant's Penal Code section 1170.95 motion.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error, and find no arguable issue for reversal on appeal.

**DISPOSITION**

The appeal is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____

Acting P. J.

We concur:


SLOUGH _____

J.


RAPHAEL _____

J.