Filed 9/18/20  P. v. Martinez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | No. E074751 |
| v. | (Super.Ct.No. FWV18002483) |
| FEDERCO MORENO MARTINEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Lisa M. Rogan, Judge.  Affirmed.

Jill Kent, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

I

INTRODUCTION

Pursuant to a plea agreement, defendant and appellant Federco Moreno Martinez pleaded guilty to two counts of continuous sexual abuse of a child (Pen. Code, § 288.5,

1

subd. (a); counts 7 & 8).  In exchange, the remaining counts and enhancements were dismissed and defendant was sentenced to a stipulated term of 24 years in state prison.  Defendant appeals from the judgment.  Based on our independent review of the record, we find no arguable issue and affirm the judgment.

II

FACTUAL AND PROCEDURAL BACKGROUND[1]

Between May 3, 2007 and July 11, 2018, defendant sexually abused his two daughters by touching their vaginas, kissing them inappropriately, and exposing his penis.  The abuse began when Jane Doe 2 was around five years old.  Jane Doe 2 eventually told her mother when she was 16 years old and her sister, Jane Doe 1, was 13 years old.  Jane Doe 1 began cutting herself as a result of being touched by defendant.

On July 12, 2018, a felony complaint was filed charging defendant with six counts of lewd acts upon a child under the age of 14 years (Pen. Code, § 288, subd. (a); counts 1-6).  The complaint also alleged that as to counts 1 through 6, the victim was a child under 14 years of age and that the circumstances involved multiple victims within the meaning of Penal Code section 667.61, subdivisions (j)(1) and (d).

On November 13, 2019, the People added counts 7 and 8, continuous sexual abuse of a child (Pen. Code, § 288.5, subd. (a)).  Thereafter, pursuant to a negotiated disposition, defendant withdrew his not guilty plea and pleaded guilty to counts 7 and 8.  In return, defendant was promised the remaining allegations would be dismissed, and he

---

[1]  A summary of the factual background is taken from the probation officer's report.

would be sentenced to a stipulated term of 24 years in state prison to be served at 85 percent. Prior to pleading guilty, defendant executed a felony plea form. The trial court went over the plea form with defendant. In response to the trial court's query, defendant indicated that he had carefully gone over the plea form with his attorney and that he understood everything on the plea form. The trial court also informed defendant of his constitutional rights, the consequences of pleading guilty, and the negotiated plea agreement. Defendant indicated to the court that he understood his rights, consequences of the plea, and the plea agreement. In response to the court's inquiry of whether anyone had made promises to him or anything else to get him to plead, defendant answered in the negative. Defendant also acknowledged to the court that he had enough time to speak with his attorney. Defendant's counsel indicated to the court that he had adequate time to speak with defendant about his case and the plea form, and that he was satisfied defendant understood everything on the form.

After directly examining defendant, the court found that defendant read and understood his plea form, the nature of the charges, the consequences of pleading guilty, and his constitutional rights. The court also found that defendant had knowingly, intelligently, freely, and voluntarily waived his constitutional rights, and that there was a factual basis for his plea. The parties stipulated to a factual basis for the plea based upon the police reports.

On December 13, 2019, the trial court sentenced defendant in accordance with his plea agreement to the middle term of 12 years on count 7, plus a consecutive middle term

3

of 12 years on count 8, for a total term of 24 years in state prison with 600 days of credit for time served.  The court also ordered defendant to pay a $300 restitution fine (Pen. Code, § 1202.4), an $80 court operations fee (Pen. Code, § 1465.8), and a $60 court construction fee (Gov. Code, § 70373), and stayed a $300 parole revocation fine (Pen. Code, § 1202.45).  The remaining allegations were dismissed.

On February 6, 2020, defendant in propria person filed a timely notice of appeal, indicating the appeal was "based on the denial of a motion to suppress evidence under Penal Code section 1538.5."[2]  Defendant did not request a certificate of probable cause.

III

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him on appeal.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so.

An appellate court conducts a review of the entire record to determine whether the record reveals any issues which, if resolved favorably to defendant, would result in reversal or modification of the judgment.  (*Wende*, *supra*, 25 Cal.3d at pp. 441-442;

---

[2] The record does not include any suppression motion.

4

*People v. Feggans* (1967) 67 Cal.2d 444, 447-448; *Anders*, *supra*, 386 U.S. at p. 744; see *People v. Johnson* (1981) 123 Cal.App.3d 106, 109-112.)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

IV

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON _____
J.

We concur:


MILLER _____
        Acting P. J.


MENETREZ _____
                J.

5