Filed 4/14/21  P. v. Robles CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | No. E075545 |
| v. | (Super.Ct.No. RIF1902193) |
| MARK ANTHONY ROBLES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Mark E. Johnson, Judge.  Affirmed.

Erica Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury found defendant and appellant Mark Anthony Robles guilty of possession of methamphetamine while in a penal institution (Pen. Code, § 4573.6; count 1) and possession of methamphetamine after having suffered a prior

1

conviction that required registration under Penal Code section 290, subdivision (c) (Health & Saf. Code, § 11377, subd. (a); count 2).[1] Defendant was sentenced to a total term of four years in prison with 456 days' credit for time served and ordered to pay a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)), $80 in court operations assessments (Pen. Code, § 1465.8), and $60 in criminal conviction fees (Gov. Code, § 70373). Defendant appeals from the judgment. Based on our independent review of the record, we find no arguable issue and affirm the judgment.

## FACTUAL HISTORY

On January 30, 2018, around 12:30 p.m., Riverside County Deputy Sheriff Ryan Clark was working at the Robert Presley Detention Center when he was alerted to an incident regarding a possible overdose. Deputy Clark thereafter reviewed surveillance video of a holding cell occupied by several inmates. He saw one inmate, later identified as Sean Ray, take out suspected methamphetamine and heroin from his sock and pass it out to the other inmates. The other inmates, one of which was defendant, were seen ingesting the suspected narcotics. After the inmates used the narcotics, Deputy Clark then observed one inmate, later identified as Robert McNeil, look dazed and confused and eventually fall and stumble to the ground. Defendant and another inmate attempted to help McNeil

---

[1] The information also alleged that defendant had suffered three prior prison terms (Pen. Code, § 667.5, subd. (b)). These prior prison terms were ultimately stricken by the trial court.

by trying to wake him up, pouring water over his head, in his mouth, and on his groin. Defendant then used a spoon to put suspected methamphetamine in McNeil's mouth.

Another deputy arrived and removed everyone from the holding cell. All the inmates were subsequently searched. No drugs or contraband were found on defendant. The search of Ray revealed methamphetamine and suspected heroin. An analysis of the substances found on Ray established Ray possessed 0.4 grams of methamphetamine. The other substance tested negative for heroin but held trace amounts of amphetamines. Deputy Clark opined that 0.4 grams was a usable amount of methamphetamine.

During an interview with Deputy Clark, defendant appeared nervous, his pupils were dilated, and he was having tremors. Based on his training and experience with narcotics cases and his observations of defendant, Deputy Clark opined that defendant was under the influence of narcotics. During the interview, defendant, however, denied using methamphetamine. In addition, when questioned about his pupils, defendant claimed that his eyes have always reacted that way. Defendant explained that he saw a guy overdosing and attempted to help. He also repeatedly stated that the drugs were not his and that Ray had given him something that was " 'black.' " Defendant heard Ray say the black substance was fentanyl and heroin. At the conclusion of the interview, defendant provided a

3

urine sample. Defendant's urine sample tested positive for methamphetamine and amphetamine.

On this same day, Riverside County Sheriff's Investigator Oscar Ortiz conducted a drug evaluation of defendant. During the evaluation, Investigator Ortiz observed that defendant was fidgety, he was moving back and forth, his pupils were dilated, he was clenching his jaw, his tongue was white and pasty, and his pulse was elevated. Based on his training and experience, Investigator Ortiz opined that his observations of defendant were consistent with a person who was under the influence of a central nervous system stimulant such as methamphetamine.

Over defense objection, the trial court took judicial notice of defendant's prior sexual battery while restrained conviction (Pen. Code, § 243.4, subd. (a)) that required him to register pursuant to Penal Code section 290. A certified copy of this conviction was also admitted into evidence.

Defendant testified on his own behalf. He admitted that he had snorted some of the substance provided by Ray from a spoon, but believed he was snorting heroin. He then saw McNeil overdosing and tried to help. Ray told defendant to give McNeil some of the drugs to help with the overdosing. Defendant then did so, without even thinking. He also threw water on McNeil. Defendant indicated that he did not have any drugs on his person when he was searched and reiterated that his pupils always "flare up" at night. He admitted that he had pleaded no

4

contest to sexual battery in violation of Penal Code section 243.4 in 2002, and that

he was convicted of failing to register in 2012 (Pen. Code, § 290, subd. (b)) and

failing to report (Pen. Code, § 290, subd. (b)) in 2016.

## DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to

represent him on appeal. Counsel has filed a brief under the authority of *People v.*

*Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S.

738 (*Anders*), setting forth a statement of the case, a summary of the facts and

potential arguable issues, and requesting this court to conduct an independent

review of the record.

Pursuant to *Anders*, counsel identified the following issues to assist the

court in its search of the record for error:

(1)     "Was the evidence sufficient to support the convictions?"

We offered defendant an opportunity to file a personal supplemental brief,

and he has not done so.

An appellate court conducts a review of the entire record to determine

whether the record reveals any issues which, if resolved favorably to defendant,

would result in reversal or modification of the judgment. (*Wende*, *supra*, 25

Cal.3d at pp. 441-442; *People v. Feggans* (1967) 67 Cal.2d 444, 447-448; *Anders*,

*supra*, 386 U.S. at p. 744; see *People v. Johnson* (1981) 123 Cal.App.3d 106, 109-

112.)

5

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:


McKINSTER
Acting P. J.


FIELDS
J.


6