Filed 6/16/22 P. v. Black CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E078301 |
| v. | (Super. Ct. No. BPR2101286) |
| RICHARD JOSEPH BLACK, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Sylwia Luttrell, Judge. Affirmed.

Martin Kassman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## I.

## INTRODUCTION

Defendant and appellant Richard Joseph Black appeals from an order revoking his parole and sentence of 180 days in county jail. Counsel has filed a brief under the

authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, requesting this court to conduct an independent review of the record. In addition, defendant has had an opportunity to file a supplemental brief with this court and has not done so. Based on our independent review of the record, we find no error and affirm the judgment.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 18, 2017, defendant was convicted of lewd acts on a child under 14 years old (Pen. Code, § 288, subd. (a)) and was sentenced to three years in state prison. Three years later, defendant was released from prison under various terms and conditions, including reporting to his parole officer within 24 hours for placement of a global positioning system (GPS) monitor pursuant to Penal Code section 3010.10, subdivision (a). Defendant signed and acknowledged his parole terms and conditions upon release.

On October 27, 2021, defendant's parole agent received information that defendant was released from custody in Blythe. After defendant failed to report to obtain a GPS device by the following day to the jail facility nearest to where he was originally arrested (in this case the Robert Presley Detention Center in Riverside), a petition to revoke defendant's parole was filed.

A contested revocation hearing was held on December 22, 2021. Prior to testimony, the trial court took judicial notice that defendant had been sentenced to 180 days on September 10, 2021, for failure to participate in GPS monitoring and substance

2

abuse treatment. Defendant's parole agent thereafter testified that as a condition of defendant's parole, defendant was required to register as a sexual offender and "report on the first working day following release from custody" to obtain a GPS monitor. Defendant was released from the Blythe jail on October 27, 2021, and was supposed to report to parole the following day on October 28, but he did not do so. Because defendant did not report on October 28, defendant's parole agent was unable to place a GPS device on his ankle that day for continuous monitoring as required for a sexual offender.

On October 29, 2021, defendant's parole agent called defendant's phone number. After defendant answered his phone, his parole agent instructed defendant to report to the parole office immediately and that he was in violation. Defendant stated that he would report, and did so that day. When defendant reported on October 29, his parole agent inquired why he did not report on October 28. Defendant replied that he got a motel room that night and "he had other things going on, and he was going to report the next day," but gave no legitimate reason to excuse him from reporting on October 28.

Defendant testified that he was released from the Blythe jail and was supposed to report to Riverside, approximately 250 miles away, and that no officer had offered him transportation to Riverside. He also discovered that the only bus leaving for Riverside that day had left three hours before he was released. Another inmate was able to give him a ride to Indio, where he arrived at about 9:00 p.m. on October 27. Defendant also stated that he had "ordered a Greyhound for the following morning" to get to Riverside

3

on time and then got a hotel. He claimed that he "woke up a little too late for both the Greyhound and Uber to get [him] to the station" on October 28. He then asked another hotel guest to give him a ride to Riverside, but that person disappeared with the gas money he had given him. Once he was "already beyond the 24-hour window," he rented a U-Haul to drive to Riverside and arrived in Riverside at around 6:00 p.m. "with the parole office already closed." Defendant claimed on cross-examination that he had texted his parole agent once or twice.

On recall, defendant's parole agent testified that he did not receive any calls, texts, or correspondence from defendant on October 27 or October 28, 2021. Defendant's parole agent also explained that he did not receive any calls or texts from defendant on October 29, 2021 and that he was the one who had contacted defendant first.

Following argument by the parties, the trial court found defendant in violation of his parole, explaining defendant had failed to contact his parole agent on October 27, 28 and 29, 2021. The court then sentenced defendant to 180 days in county jail, noting defendant had eight prior technical violations. Defendant timely appealed.

III.

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him. Upon examination of the record, counsel has filed a brief under the authority of *People v. Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California*, *supra*, 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential

4

arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

An appellate court conducts a review of the entire record to determine whether the record reveals any issues which, if resolved favorably to defendant, would result in reversal or modification of the judgment. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442; *People v. Feggans* (1967) 67 Cal.2d 444, 447-448; *Anders v. California*, *supra*, 386 U.S. at p. 744; see *People v. Johnson* (1981) 123 Cal.App.3d 106, 109-112.)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

IV.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


RAMIREZ
P. J.


MILLER
J.

5