Filed 10/18/22 P. v. Negrette CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079139 |
| v. | (Super. Ct. No. FVI1501486) |
| ROGER CHRISTOPHER NEGRETTE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Shannon L. Faherty, Judge. Affirmed.

Jeffrey Manning-Cartwright, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

# I.

## INTRODUCTION

Defendant and appellant Roger Christopher Negrette appeals following a plea of no contest. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, requesting this court to conduct an independent review of the record. In addition, defendant has had an opportunity to file a supplemental brief with this court and has not done so. Based on our independent review of the record, we find no error and affirm the judgment.

# II.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Defendant is a friend of 11-month-old A.C.'s paternal grandmother. On June 11, 2015, A.C's grandmother left A.C. in the care of defendant. A.C. was healthy and unharmed when her grandmother left her in defendant's care. On June 13, 2015, a 911 call was placed from defendant's home because A.C. was not breathing, but was resuscitated and stabilized enough by medical aid to be transported via air ambulance to Loma Linda University Children's Hospital (LLUCH). Forensic pediatricians at LLUCH discovered A.C. had retinal hemorrhages and massive swelling to her brain and concluded A.C.'s injuries were consistent with abusive head trauma. On July 15, 2015, A.C. died as a result of her injuries.

---

[1] The factual background is taken from the police report.

After he agreed to speak with detectives, defendant admitted to shaking A.C. for approximately 20 seconds and lying her face down on a couch where he hit her repeatedly with his fist and an open hand on her back and on the back of her head because he was frustrated with A.C. as she would not fall asleep. He noted that he watched A.C.'s head shake back and forth and side to side as he assaulted her.

On June 16, 2015, a complaint was filed charging defendant with one count of murder (§ 187, subd. (a); count 1) and one count of assault on a child causing death (§ 273ab, subd. (a); count 2). An amended complaint was filed on May 4, 2016, adding count 3, unlawful sexual intercourse (§ 261.5, subd. (c); count 3) with C.H., a minor more than three years younger than defendant.

Following the preliminary hearing, defendant was held to answer all three counts. And on May 9, 2016, an information was filed charging defendant with counts 1, 2 and 3.

Following numerous continuances, on May 3, 2022, the parties reached an agreement. Under the agreement, the information was amended to add count 4, voluntary manslaughter (§ 192, subd. (a)) and count 5, child abuse (§ 273a, subd. (a)), with an enhancement for causing great bodily injury (§ 12022.7, subd. (e)). Pursuant to the negotiated plea agreement, defendant thereafter waived his constitutional rights and pleaded no contest to counts 3, 4 and 5. In return, counts 1 and 2 were dismissed and defendant was promised a stipulated sentence of 14 years eight months in state prison. The sentence was calculated as follows: the upper term of 11 years on count 4 for voluntary manslaughter; one year four months on count 5 for child abuse, plus one year

3

eight months for the great bodily injury enhancement attached to count 5, and eight months on count 3 for unlawful sexual intercourse with a minor. The plea form specified that "ct 4 & 5 are not subject to PC 654," and that defendant "waives jury trial on circumstances in aggravation." Counsel stipulated that the police report and the preliminary hearing transcript contained a factual basis for the plea. The court accepted the plea, found the plea was given knowingly, freely, intelligently, and voluntarily, and sentenced defendant to the agreed-upon sentence.

On June 8, 2022, defendant filed a notice of appeal "based on the sentence or other matters that occurred after the plea and do not affect its validity." Defendant did not request a certificate of probable cause.

### III.

### DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him. Upon examination of the record, counsel has filed a brief under the authority of *People v. Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California*, *supra*, 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

An appellate court conducts a review of the entire record to determine whether the record reveals any issues which, if resolved favorably to defendant, would result in

reversal or modification of the judgment. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442; *People v. Feggans* (1967) 67 Cal.2d 444, 447-448; *Anders v. California*, *supra*, 386 U.S. at p. 744; see *People v. Johnson* (1981) 123 Cal.App.3d 106, 109-112.)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

IV.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

MILLER
Acting P. J.

RAPHAEL
J.