Filed 11/29/23  P. v. Diaz CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>ANTONIO DIAZ,<br><br>     Defendant and Appellant. | E081923<br><br>(Super.Ct.No. FWV21004393)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Richard V. Peel, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

# I.

# INTRODUCTION

Pursuant to a negotiated disposition, defendant and appellant Antonio Diaz pled guilty to one count of committing a lewd act on a child under the age of 14 years (Pen. Code,[1] § 288, subd. (a)) and one count of continuous sexual abuse of a child (§ 288.5). In exchange, the remaining charges and enhancement allegations were dismissed. After the trial court denied defendant's motion to withdraw his guilty plea, defendant was sentenced to a total stipulated term of 20 years in state prison.

Defendant appeals from an order after judgment. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), requesting this court to conduct an independent review of the record. In addition, defendant has had an opportunity to file a supplemental brief with this court and has not done so. Based on our independent review of the record, we find no error and affirm the judgment.

# II.

# FACTUAL AND PROCEDURAL BACKGROUND[2]

Defendant raped and sexually molested his granddaughter when she was between the ages of six and 14 years old. The victim eventually reported the abuse when she was 21 years old after her cousin made similar allegations and her cousin was being

---

[1] Unless otherwise stated, all future statutory references are to the Penal Code.

[2] A summary of the factual background is taken from the probation report.

threatened by family members not to speak with the police. During pretext phone calls between the victim and defendant, defendant made statements indicating that the victim wanted the sexual abuse to occur.

On November 24, 2021, a felony complaint was filed charging defendant with two counts of sexual intercourse with a child 10 years or younger (§ 288.7, subd. (a); counts 1 & 2), and four counts of committing lewd acts upon a child under the age of 14 years (§ 288, subd. (a); counts 3-6). As to counts 3 through 6, the complaint also alleged that there were multiple victims within the meaning of section 667.61, subdivisions (j)(1) and (d).

Following numerous continuances by the prosecutor and defendant's retained counsel, on February 9, 2023, the People amended the felony complaint by adding count 7, continuous sexual abuse of a child (§ 288.5). On that same date, pursuant to a negotiated plea agreement, defendant pled guilty to counts 3 and 7. In return, defendant was promised a stipulated term of 20 years in state prison and dismissal of the remaining charges and enhancement allegations.

Prior to pleading guilty, defendant executed a felony plea form under section 859a with the assistance of a Spanish interpreter. The trial court went over the plea form with defendant at the February 9, 2023 hearing with the assistance of an interpreter. In response to the trial court's query, defendant indicated he had gone over the plea form with his attorney with the assistance of the interpreter, he had initialed and signed the plea form, and he understood all of his legal rights and consequences of his plea.

3

Defendant indicated that he had enough time to speak with his attorney about the terms of his plea agreement, and his counsel concurred. Because defendant indicated he had memory issues, the trial court explicitly explained the terms of defendant's plea agreement, including lifetime registration as a sex offender. In response to the court's question of whether defendant wanted to proceed with the plea bargain agreement, defendant stated, "Yes. That's fine, yes." The trial court thereafter informed defendant of his constitutional rights and the consequences of pleading guilty or no contest. Defendant indicated to the court that he understood his rights, consequences of the plea, and the plea agreement. Defendant stated he had no questions for the court and that he was entering into the plea agreement on his own free will. Defendant's counsel joined with defendant in the plea agreement and the People accepted defendant's plea. The parties stipulated the court could consider the police reports for the factual basis for the plea. After directly examining defendant, the court found defendant understood his plea form, the nature of the charges, the consequences of pleading guilty, and his constitutional rights. The court also found defendant had knowingly, intelligently, freely, and voluntarily waived his constitutional rights, and that there was a factual basis for his plea. The court thereafter referred the case to the probation department for the preparation of a sentencing report.

On June 28, 2023, the date scheduled for sentencing, defendant's retained counsel indicated defendant did not want his services and requested counsel be appointed for defendant. Counsel also stated that defendant wanted a better plea deal to which counsel

4

explained to him was not possible. The court agreed, noting "[t]he deal [was] done," and unless there was good cause to withdraw the plea, the court was ready to sentence defendant. Defendant stated that he did not want his retained counsel representing him anymore, and wanted the court-appointed counsel to represent him. After speaking with defendant, appointed counsel noted defendant wanted to file a motion to withdraw his plea, claiming his retained counsel was not forthcoming as to the plea form and the collateral consequences of the plea.

On July 10, 2023, defendant's appointed counsel filed a motion to withdraw defendant's guilty pleas. He argued that on the day of his guilty pleas, he was not eager to enter the pleas, was experiencing mental health issues, did not want the deal, and did not understand what was occurring. He also claimed that his retained counsel stated the 20-year sentence would be negotiable, that he was under great pressure at the time of his pleas, and he was confused as to the nature and consequences of his pleas.

The trial court heard defendant's motion on July 28, 2023. Following argument by the parties and review of the plea hearing transcript, the trial court denied defendant's motion to withdraw his guilty pleas. The court thereafter sentenced defendant in accordance with his plea agreement to 20 years in state prison, the upper term of eight years on count 3 in violation of section 288, subdivision (a), and the middle term of 12 years on count 7 in violation of section 288.5 with 670 days' credit for time served. Defendant was ordered to pay a $300 restitution fine, an $80 court operation assessment,

a $60 conviction assessment, and a stayed $300 parole revocation fine. He was also ordered to register for life as a sex offender.

On August 11, 2023, defendant timely filed a notice of appeal and request for a certificate of probable cause. The trial court granted defendant's request for a certificate of probable cause as to the motion to withdraw his guilty pleas.

III.

DISCUSSION

After defendant appealed, this court appointed counsel to represent him. Upon examination of the record, counsel has filed a brief under the authority of *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issue of whether the trial court erred by denying defendant's motion to withdraw his guilty pleas, and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so.

An appellate court conducts a review of the entire record to determine whether the record reveals any issues which, if resolved favorably to defendant, would result in reversal or modification of the judgment. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442; *People v. Feggans* (1967) 67 Cal.2d 444, 447-448; *Anders*, *supra*, 386 U.S. at p. 744; see *People v. Johnson* (1981) 123 Cal.App.3d 106, 109-112.)

6

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

IV.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

Acting P. J.

We concur:


FIELDS

J.


RAPHAEL

J.