Filed 6/28/24  P. v. Mendez CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAVID MENDEZ,<br><br>    Defendant and Appellant. | B333905<br><br>(Los Angeles County<br>Super. Ct. No. KA055071) |

THE COURT:

David Mendez appeals the order of the superior court denying his postjudgment petition for resentencing under Penal Code[1] section 1172.6.  (Former § 1170.95, Stats. 2022, ch. 58, § 10.)  We appointed counsel to represent Mendez on appeal. After examination of the record, counsel filed an opening brief raising no issues and requesting that we exercise our discretion to independently review the record for arguable issues pursuant

_____

[1] Undesignated statutory references are to the Penal Code.

to *People v. Delgadillo* (2022) 14 Cal.5th 216, 228–232 (*Delgadillo*) and *People v. Wende* (1979) 25 Cal.3d 436, 441–442 (*Wende*).  (*People v. Griffin* (2022) 85 Cal.App.5th 329, 333.)

Mendez filed a supplemental brief in which he asserts that his 2002 conviction must be reexamined in light of new DNA evidence that, if presented at his trial, would likely have resulted in a different outcome.  In support of his contention, Mendez submits a supplemental DNA Analysis Report by the Los Angeles County Sheriff's Department Scientific Services Bureau dated March 24, 2018.

We affirm the superior court's denial of Mendez's petition for resentencing under section 1172.6, and reject the claim asserted in his supplemental brief.

## PROCEDURAL BACKGROUND

Mendez was convicted by jury of the 2001 attempted willful, deliberate and premeditated murder of Tommy Partida (§§ 664/187, subd. (a); count 1), and possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 2).  The jury further found that Mendez personally used and intentionally discharged a firearm, causing great bodily injury resulting in paralysis.  (Pen. Code, §§ 12022.7, subd. (b), 12022.5, subd. (a)(1), 12022.53, subds. (b), (c) & (d).)  The trial court sentenced Mendez to an aggregate term of 39 years to life in prison.

On June 30, 2022, Mendez filed a section 1172.6 petition for resentencing.  The superior court appointed counsel, and the district attorney filed an informal response to the petition.  Defense counsel did not file a reply.  In its response, the prosecution argued that because the jury was not instructed on felony murder or the natural and probable consequences doctrine,

2

Mendez's conviction for attempted murder did not rest on either of these theories. Rather, the jury made clear in its verdict that Mendez was the actual shooter who personally committed the crime. The matter came on for prima facie review on September 12, 2023. The superior court noted that the jury was not instructed on felony murder or natural and probable consequences, and the jury's verdict reflected that as the lone defendant in the case, Mendez personally committed the attempted murder and was not convicted under the felony-murder rule or the natural and probable consequences doctrine. Finding no prima facie showing for relief, the superior court denied the section 1172.6 petition.

## DISCUSSION

Because the instant appeal is not from his conviction, Mendez is not entitled to our independent review of the record pursuant to *Wende, supra,* 25 Cal.3d 436, or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493]. (*Delgadillo, supra,* 14 Cal.5th at p. 227 ["Courts below have uniformly agreed that *Wende* procedures are not constitutionally required on an appeal from a denial of a postconviction petition under section 1172.6"]; *People v. Kelly* (2006) 40 Cal.4th 106, 119 [independent judicial review mandated by *Anders* applies only to first appeal as of right]; see also *Pennsylvania v. Finley* (1987) 481 U.S. 551, 559 [107 S.Ct. 1990, 95 L.Ed.2d 539].)

However, although "[t]he filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues," we are required to address the contentions Mendez raises in his supplemental brief. (*Delgadillo, supra,* 14 Cal.5th at p. 232 ["the Court of Appeal is required to

3

evaluate the specific arguments presented in [the supplemental] brief and to issue a written opinion"].)

### Mendez's Claim Regarding New DNA Evidence Is Not Properly Raised in the Context of a Petition for Resentencing Under Section 1172.6

In his supplemental brief, Mendez does not challenge the superior court's determination that he could not have been convicted on a felony-murder theory or under the natural and probable consequences doctrine because the jury was not instructed on these theories. He also does not dispute the superior court's observation that he was the lone actor in the commission of the crime. Nor does Mendez counter the jury's express findings that he personally used and intentionally discharged a firearm causing great bodily injury which resulted in paralysis to the victim. Rather, Mendez asserts that new evidence somehow undermines the validity of his conviction. Mendez does not state a valid basis for resentencing under section 1172.6.

The Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.) in 2018, effectively abolishing the natural and probable consequences doctrine in cases of murder and limiting the application of the felony-murder doctrine. (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) With one narrow exception (see § 189, subd. (f)), Senate Bill No. 1437 effectively eliminated murder convictions premised on any theory of imputed malice—that is, any theory by which a person can be convicted of murder for a killing committed by someone else, such as felony murder or the natural and probable consequences doctrine—unless the People also prove that the nonkiller defendant personally acted with the intent to kill or

was a major participant who acted with reckless disregard to human life. (§§ 188, subd. (a)(3) & 189, subd. (e).)

Senate Bill No. 1437 also enacted former section 1170.95 (now § 1172.6), which established a procedure for vacating the murder convictions of defendants who could no longer be convicted of murder because of the amendments to sections 188 and 189. (Stats. 2018, ch. 1015, § 4; *Lewis*, *supra*, 11 Cal.5th at pp. 957, 959, 971; *People v. Gentile* (2020) 10 Cal.5th 830, 843.) Effective January 1, 2022, Senate Bill No. 775 amended section 1172.6 to expand its coverage to individuals convicted of "attempted murder under the natural and probable consequences doctrine." (§ 1172.6, subd. (a); *People v. Saibu* (2022) 81 Cal.App.5th 709, 747.)

Section 1172.6, subdivision (c) requires the court to appoint counsel when requested upon the filing of a properly pleaded petition for resentencing. (*Lewis, supra*, 11 Cal.5th at pp. 963, 966.) The court must then conduct a prima facie analysis with briefing to determine the petitioner's eligibility for relief, and, if the requisite prima facie showing is made, issue an order to show cause. (§ 1172.6, subd. (c); *Lewis*, at p. 971; *People v. Nieber* (2022) 82 Cal.App.5th 458, 469–470.)

At the prima facie review, if the record of conviction contains facts refuting the allegations of the petition as a matter of law, no prima facie showing can be made, and the petition is properly denied. (*Lewis, supra*, 11 Cal.5th at p. 971.) Here, as the superior court determined, there is no indication in the record that anyone besides Mendez was involved in the attempted murder. And as the jury found, Mendez personally used and intentionally discharged a firearm causing great bodily injury

5

resulting in paralysis to the victim.  Accordingly, Mendez is ineligible for relief under section 1172.6 as a matter of law.

## DISPOSITION

The order of the superior court denying Mendez's petition for resentencing under Penal Code section 1172.6 is affirmed.

NOT TO BE PUBLISHED.

LUI, P. J.          ASHMANN-GERST, J.          HOFFSTADT, J.