Filed 8/22/24  In re A.S. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| In re A.S., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>A.S.,<br><br>        Defendant and Appellant. | E083734<br><br>(Super. Ct. No. J298789)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Geraldine Williams, Judge.  Affirmed.

Jo Pastore, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

I.

INTRODUCTION

Defendant and appellant A.S. (minor) admitted to misdemeanor resisting a peace officer (Pen. Code, § 148, subd. (a)(1); count 2). In return, the remaining allegation of possession of a firearm by a minor (Pen. Code, § 29610; count 1) was dismissed. Minor was thereafter declared a ward of the court, placed on formal probation in the custody of his parents on various terms and conditions of probation, and ordered to pay victim restitution jointly and severely with his coparticipants. Minor appeals from an order after judgment. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, requesting this court to conduct an independent review of the record. In addition, minor has had an opportunity to file a supplemental brief with this court and has not done so. Based on our independent review of the record, we find no error and affirm the judgment.

II.

FACTUAL AND PROCEDURAL BACKGROUND

On October 20, 2023, while in the area of Hold Boulevard and Monte Vista Avenue, a Montclair Police Department officer heard approximately five gunshots northeast of the location. While enroute, the officer observed a blue four-door Toyota Corolla driving at a high rate of speed without the headlights turned on. The officer attempted a traffic stop on the vehicle, which failed to stop, and a pursuit ensued. While in pursuit, the vehicle drove the wrong way and failed to yield at stop signs and red

2

lights. The vehicle eventually stopped, and minor, along with four other coparticipants, exited the vehicle and fled on foot. Minor and his coparticipants were detained and taken into custody.

During an area check of the area, officers confirmed damage to two residences at an apartment complex and took statements from each victim. One of the victims sustained damage to her window caused by a bullet. The bullet travelled through the window and into a television mounted inside of the residence. The second victim sustained four bullet holes in his apartment, causing damage to his front door, a window and four holes in the wall.

Officers located three spent .40 mm casings near the area of the shooting. Another .40 mm casing was found in the suspects' vehicle. A video surveillance from the apartment complex showed a possibly blue four-door sedan vehicle traveling in the vicinity, and eight gunshots can be heard as the vehicle continues to travel. The muzzle-flash appeared to be coming from the rear passenger seat of the vehicle.

On October 23, 2023, a Welfare and Institutions Code section 602 petition was filed, charging then 14-year-old minor with felony possession of a firearm by a minor (Pen. Code, § 29610; count 1) and misdemeanor resisting, obstructing, or delaying a peace officer (Pen. Code, § 148, subd. (a)(1); count 2).

On October 27, 2023, minor admitted to count 2, misdemeanor resisting a peace officer. In return, count 1 was dismissed with a stipulation that it could be considered for

3

the purpose of disposition and restitution.  Pending the dispositional hearing, minor was released on house arrest in the custody of his parents.

On November 13, 2023, the juvenile court declared minor a ward of the court and placed him on formal probation in the custody of his parents on various terms and conditions of probation.  The matter was continued for a restitution hearing.

After several continuances, the juvenile court held a restitution hearing on April 22, 2024.  Prior to the hearing, the parties stipulated the factual basis, as noted above, underlying the arguments as to the propriety of a restitution order.  The parties also stipulated that one of the victims was seeking $500 in restitution for damage to her television caused by a bullet striking it, and the second victim was seeking $800 to repair four damage holes from bullet strikes and $400 to replace tempered glass caused by a striking bullet.  Following the hearing, the court ordered minor to pay victim restitution in the amount of $1,700 jointly and severely with his coparticipants.  In ordering the restitution, the court noted that there was a factual nexus between the offense and the damage inflicted.  The court also indicated the restitution order would further the "reforming and rehabilitation of the minor" by impressing upon minor the gravity of the harm, to deter future criminality, and to give him the ability to make amends.  Minor timely appealed.

III.

DISCUSSION

After minor appealed, this court appointed counsel to represent him.  Upon examination of the record, counsel has filed a brief under the authority of *People v. Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California*, *supra*, 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues of whether the juvenile court erred in imposing restitution based on uncharged offenses and whether an accessory can be liable for restitution.

We offered minor an opportunity to file a personal supplemental brief, and he has not done so.

An appellate court conducts a review of the entire record to determine whether the record reveals any issues which, if resolved favorably to defendant minor, would result in reversal or modification of the judgment.  (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442; *People v. Feggans* (1967) 67 Cal.2d 444, 447-448; *Anders v. California*, *supra*, 386 U.S. at p. 744; see *People v. Johnson* (1981) 123 Cal.App.3d 106, 109-112.)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to minor.

IV.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

McKINSTER

Acting P. J.

FIELDS

J.