Filed 4/17/25  P. v. Barba CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083639 |
| v. | (Super.Ct.No. RIF2100259) |
| DAVID JUNIOR BARBA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

David P. Lampkin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

I.

INTRODUCTION

A jury found defendant and appellant David Junior Barba guilty of sexual penetration with a foreign object while the victim was unconscious of the nature of the act (Pen. Code,[1] § 289, subd. (d)). In a bifurcated proceeding, defendant admitted that he had suffered a prior serious felony conviction (§ 667, subd. (a)) and two prior strike convictions (§§ 667, subds. (c) & (e)(2)(A), 1170.12, subd. (c)(2)(a)). After the trial court denied defendant's motion for new trial and motion to strike the prior strike convictions, the trial court sentenced defendant to 25 years to life with credit of 2,345 days for time served. The court also ordered defendant to pay a $300 restitution fine (§ 1202.4, subd. (b)), a suspended $300 parole revocation fine (§ 1202.45, subd. (c)), a court operations assessment of $40 (§ 1465.8, subd. (a)(1)), and a $30 criminal conviction assessment fee (Gov. Code, § 70373). The court struck the prior serious felony conviction.

Defendant appeals from the judgment. Appointed counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), requesting this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. In addition, defendant has had an opportunity to file a supplemental brief with this court and has not done so. After independently reviewing the record, we

---

[1] All future statutory references are to the Penal Code.

2

find no arguable error that would result in a disposition more favorable to defendant and affirm.

## II.

## FACTUAL BACKGROUND

On November 25, 2020, defendant, who was Jane Doe's cousin, digitally penetrated Jane's vagina while she was sleeping on a bed. Specifically, Jane returned home to a studio apartment in Riverside that she shared with her brothers. When she arrived home after working a 12-hour shift, her brothers were there with defendant. After she took a shower, put on underwear and sweat clothes, she laid on a bed in a corner of the living room. Defendant and her brothers were in the room.

Defendant came over and sat on the edge or corner of the bed. Jane fell asleep lying on her side near the wall. Around 4:00 or 5:00 a.m., she woke up because she felt something in her vagina. When she opened her eyes, she saw defendant next to her with his hand inside her sweatpants and underwear and his fingers inside her vagina. Jane yelled at him to get away from her and to get out. Her brothers were asleep in the same room, and her yelling awakened them. Jane told her brothers that defendant had put his hand in her pants. Her brothers confronted defendant and chased him out of the apartment. As he ran away, he said, "I'm sorry, [Doe]."

The next day, Jane called the police around 4:00 or 5:00 p.m. Riverside Police Department Officer Joel Leandro responded to her apartment at 5:50 p.m. and took Jane's statement and collected the clothes she had been wearing. Jane's physical examination

3

revealed no physical injury, and Jane did not complain of any physical pain or discomfort.

Jane's mother testified for the defense that, at the time of this incident, she was visiting family in Mexico. Jane had called her on November 26, 2020, the following day, and told her that when she woke up defendant was on the bed asleep but not close to her. Jane also stated that she dreamt someone had put his finger in her vagina but when she woke up there was no one. Jane's mother did not speak about this information to anyone from the District Attorney's office until December 7, 2021.

One of Jane's brother also testified for the defense and similarly stated that, days later, Jane told him it was like a bad dream, but it was nothing. Jane's brother admitted he did not tell anyone about this information until July 25, 2022.

Officer Leandro testified that when he questioned Jane's brother on November 25, 2020, the brother did not say anything about the incident being fabricated or being a dream. Jane testified that she did not tell either her mother or her brother that it was a dream. Jane adamantly testified that it was not a dream and that defendant put his fingers inside her vagina.

III.

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him. Upon examination of the record, counsel has filed a brief under the authority of *Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738

4

(*Anders*), setting forth a statement of the case, a summary of the facts and potential arguable issues and requesting this court to conduct an independent review of the record. Counsel has identified two potential issues of whether the trial court erred in denying defendant's motion for new trial and whether the court erred in denying defendant's motion to strike his strike convictions.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so.

An appellate court conducts a review of the entire record to determine whether the record reveals any issues which, if resolved favorably to defendant, would result in reversal or modification of the judgment. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442; *People v. Feggans* (1967) 67 Cal.2d 444, 447-448; *Anders*, *supra*, 386 U.S. at p. 744; see *People v. Johnson* (1981) 123 Cal.App.3d 106, 109-112.)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

IV.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

McKINSTER

Acting P. J.

FIELDS

J.