Filed 7/14/25  In re A.N. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| In re A.N., a Person Coming Under the Juvenile Court Law. |  |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>A.N.,<br><br>        Defendant and Appellant. | E085095<br><br>(Super.Ct.No. J300260)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Stephanie Thornton-Harris, Michael A. Dauber and Geraldine Williams, Judges.  Affirmed.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

I.

INTRODUCTION

Following a jurisdictional hearing, the juvenile court found true that defendant and appellant A.N. (minor) committed robbery (Pen. Code,[1] § 211), carjacking (§ 215), possession of a firearm by a minor (§ 29610), burglary (§ 459), and vandalism (§ 594, subd. (b)(1)). Minor was declared a ward of the court and placed on probation in the custody of his father on various terms and conditions. Minor appeals from an order after judgment. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), requesting this court to conduct an independent review of the record. In addition, minor has had an opportunity to file a supplemental brief with this court and has not done so. Based on our independent review of the record, we find no error and affirm the judgment.

II.

FACTUAL AND PROCEDURAL BACKGROUND

A. *January 2024 Incident*

On January 29, 2024, at about 2:21 a.m., San Bernardino Police Officer Marcos Mireles and his partner arrived at E & A Giftshop. When they arrived, they observed the main window and main entry/exit door to the business had been shattered and there was shattered glass and a traffic sign on a pole on the ground. The gated fence was pried open, making a hole big enough for someone to gain entry. When they investigated

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

2

further, they found minor inside the store. The officers drew their weapons and detained minor.

The owner of the giftshop explained that the store closed at 9:00 p.m., and does not reopen until 9:00 a.m. He noted that tee shirts and glass pipes were taken from his store and estimated the repairs cost approximately $8,000.

B. *March 2024 Incident*

On March 7, 2024, J.P., was the owner of a 2004 white Toyota Sienna. At around 11:30 p.m., J.P. was parking her car in front of her house when minor, who was wearing a COVID-type mask, knocked on the car window holding a shotgun. Minor did not point the weapon at J.P., but asked J.P. for her car keys, her phone and her purse. J.P. quickly exited her vehicle and gave minor everything. Minor fled in J.P.'s car with her purse, car keys, $400, and cellphone. J.P. then ran home and her daughter called 911.

San Bernardino Police Officer Garrett Horine was dispatched and located the vehicle at about 2:04 a.m., and conducted a felony traffic stop at gunpoint. Minor exited the vehicle and was apprehended. San Bernardino Police Officer Obet Martinez seized a firearm and ammunition located inside the vehicle.

San Bernardino Police Officer Salvador Rodriguez took J.P. to an in-field show up in his patrol vehicle. The person they showed to J.P. was minor, who was the person who had stolen her vehicle and belongings. The firearm the police had seized from her vehicle was shown to J.P. J.P. identified the firearm as the one she saw minor holding.

3

C. *Procedural Background*

On March 8, 2024, a petition was filed pursuant to Welfare and Institutions Code section 602 based on the March 7, 2024 incident.

On March 25, 2024, a doubt was declared as to minor's competence to stand trial.

On April 17, 2024, the juvenile court ordered a second opinion to evaluate minor's mental health.

On July 31, 2024, a first amended petition was filed pursuant Welfare and Institutions Code section 602 alleging minor had committed robbery (§ 211; count 1); carjacking (§ 215, subd. (a); count 2); assault with a firearm (§ 245, subd. (a)(2); count 3); carrying a loaded firearm in a vehicle (§ 25850, subd. (a); count 4); possession of a firearm by a minor (§ 29610; count 5); second degree burglary (§ 459; count 6); and vandalism over $400 in damages (§ 594, subd. (b)(1); count 7).

On August 21, 2024, the juvenile court found minor competent to stand trial.

On September 12, 2024, following a contested jurisdictional hearing, the juvenile court found true counts 1, 2, 5, 6 and 7 and declared the offenses as felonies. The court found not true counts 3 and 4.

The dispositional hearing was held on October 8, 2024. Minor was declared a ward of the court and placed on formal probation in his father's custody on various terms and conditions of probation. He was thereafter released from juvenile hall with GPS monitoring as directed by the probation department and awarded 216 days credit for time served. Minor timely appealed.

III.

DISCUSSION

After minor appealed, this court appointed counsel to represent him. Upon examination of the record, counsel has filed a brief under the authority of *People v. Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California*, *supra*, 386 U.S. 738, setting forth a statement of the case and a summary of the facts. Counsel found no potential arguable issue and invites this court to independently review the record.

We offered minor an opportunity to file a personal supplemental brief, and he has not done so.

An appellate court conducts a review of the entire record to determine whether the record reveals any issues which, if resolved favorably to defendant minor, would result in reversal or modification of the judgment. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442; *People v. Feggans* (1967) 67 Cal.2d 444, 447-448; *Anders v. California*, *supra*, 386 U.S. at p. 744; see *People v. Johnson* (1981) 123 Cal.App.3d 106, 109-112.)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant minor.

IV.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON _____

J.

We concur:


RAMIREZ _____

P. J.


MILLER _____

J.