Filed 1/22/26  P. v. Torres CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E086956 |
| v. | (Super.Ct.No. RIF1901501) |
| JOSE ZEPEDA TORRES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Joshlyn R. Pulliam, Judge.  Affirmed.

Jill Kent, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

I.

INTRODUCTION

Pursuant to a negotiated disposition, defendant and appellant Jose Zepeda Torres

pled guilty to sexual intercourse or sodomy with child under 10 years old (§ 288.7,

1

subd. (a)) and aggravated sexual assault, to wit, rape, of a child under 14 years old (§ 269, subd. (a)(1)). In exchange, the remaining charges were dismissed, and he was sentenced to the stipulated term of 40 years to life in state prison. Defendant appeals from an order after judgment. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), requesting this court to conduct an independent review of the record. In addition, defendant has had an opportunity to file a supplemental brief with this court and has not done so. Finding no arguable errors that would result in a disposition more favorable to defendant, we will affirm the judgment.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Between December 2014 and December 2017, defendant was Jane Doe's neighbor. For about a three-year span, while defendant babysat then eight-year-old Jane Doe and her siblings, he molested, digitally penetrated, raped, and engaged in sexual intercourse with Jane Doe. He also forced Jane Doe to touch or lick his penis. In addition, defendant sent Jane Doe pictures of his penis and told her to send him pictures of herself with clothes on and off.

On December 16, 2021, an information was filed charging defendant with sexual intercourse or sodomy with a child under 10 years old (§ 288.7, subd. (a); count 1); oral copulation or sexual penetration with a child under 10 years old (§ 288.7, subd. (b);

---

[1] A summary of the factual background is taken from the probation report.

2

count 2); aggravated sexual assault, to wit, rape, of a child under 14 years old (§ 269, subd. (a)(1); count 3); aggravated sexual assault, to wit, oral copulation, with a child under 14 years old (§ 269, subd. (a)(4); count 4); aggravated sexual assault, to wit, sexual penetration, of a child under 14 years old (§ 269, subd. (a)(5); count 5); lewd or lascivious act of a child under 14 years old (§ 288, subd. (a); count 6); and misdemeanor distributing harmful matter depicting minor engaging in sexual conduct (§ 288.2, subd. (a)(2); count 7).

On July 16, 2025, the trial court held a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*) at defendant's request. The court denied defendant's *Marsden* motion.

On July 24, 2025, defendant executed, initialed and signed a plea form whereby he agreed to plead guilty to counts 1 and 3, violations of section 288.7, subdivision (a), and section 269, subdivision (a)(1), respectively. In exchange for the guilty plea, the parties stipulated defendant would receive a sentence of 40 years to life consisting of 25 years to life for count 1 and 15 years to life for count 3. The plea included a waiver of "any right to appeal" defendant may have. An addendum to the plea acknowledged defendant was advised that he may be subject to screening regarding a sexually violent predator trial pursuant to *In re Tellez* (2024) 17 Cal.5th 77. Defendant acknowledged he had sufficient time to discuss the plea, his constitutional rights, any defenses, and the consequences of his plea with his attorney. The form was signed by the prosecutor and defendant's attorney, who noted that counsel had personally read and explained the plea to defendant.

Defendant thereafter pled guilty in accordance with the negotiated plea agreement. The court found that defendant had read and understood his plea form, the nature of the charges, the consequences of pleading guilty, and his constitutional rights. The court also found that defendant's plea was knowingly, freely, intelligently, and voluntarily given and that there was a factual basis for the plea.

On September 18, 2025, the trial court sentenced defendant in accordance with the plea agreement of 40 years to life with presentence custody credits of 2,362 actual days and 354 local conduct days. The court found defendant did not have an ability to pay fines and fees and struck them pursuant to *People v. Duenas* (2019) 30 Cal.App.5th 1157. The court further ordered that any fines or fees that could not be stricken were stayed. The court also ordered defendant to pay $1,800 in victim restitution (§ 1202.4, subd. (f)), with an additional amount reserved. Defendant timely appealed and did not request a certificate of probable cause.

## III.

## DISCUSSION

After defendant appealed, this court appointed counsel to represent him. Upon examination of the record, counsel has filed a brief under the authority of *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issue of whether the trial court sentenced defendant in conformance with his plea agreement.

4

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

An appellate court conducts a review of the entire record to determine whether the record reveals any issues which, if resolved favorably to defendant, would result in reversal or modification of the judgment.  (*Wende*, *supra*, 25 Cal.3d at pp. 441-442; *People v. Feggans* (1967) 67 Cal.2d 444, 447-448; *Anders*, *supra*, 386 U.S. at p. 744; see *People v. Johnson* (1981) 123 Cal.App.3d 106, 109-112.)

Having undertaken an independent examination of the entire record for potential error pursuant to *Wende* and *People v. Kelly* (2006) 40 Cal.4th 106, we find no arguable errors that are favorable to defendant.  Accordingly, we will affirm the judgment.

IV.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


RAMIREZ
P. J.


MILLER
J.

5